JUDGE PETERS
delivered the opinion oe the court.
On the 4th of March, 1871, Mr. Adams, the pension-agent at Lexington, gave his check on the United States assistant treasurer for $1,595.37, payable to the order of appellee, Mrs. M. H. McKee. On the same day J. T. Vanarsdale returned to his office with the name of Mrs. McKee indorsed on the check, and he went to a bank in the city of Lexington, introduced Mr. Vanarsdale to the cashier, and the check was cashed by the bank. This check was drawn in favor of Mrs. McKee for a pension due her as the mother of James F. McKee, who was a lieutenant and adjutant in the Twelfth Regiment of Kentucky Volunteers, and appellants, as creditors of Mrs. McKee, seek by attachment to subject a part of the money paid to her as a pensioner to the payment of their debt. The court below adjudged against them, and they have appealed to this court.
Section 61 Pension Law (2 Brightly’s Digest, 498) provides "that no sum of money due or to become due to any pensioner under the laws aforesaid shall be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, whether the same remains with the pension-officer or any officer or agent thereof, or in course of transmission to the pensioner eniitled thereto, but shall inure wholly to the benefit of such pensioner.” This language seems to manifest an intention on the part of Congress that its beneficence to pensioners shall be exempt from seizure for their debts. That Congress has the power to attach such condition to the grant of the bounty we can not doubt, and that the language of the act cited is comprehensive enough to impress that character on the fund here sought must be apparent to all.
In Kellogg v. Waite and trustee (12 Allen, 529) the S.u *357 preme Court of Massachusetts did adjudge that a pension in the hands of an agent of a pensioner could be attached and appropriated to the payment of the pensioner’s debt; but it is said in that opinion that when this pension was paid to the agent, who is now summoned as trustee, there was no provision of law to exempt it from attachment. That proceeding was instituted before the act of Congress here cited was passed, and was not an interpretation of this last-named act.
We conclude the fund was not liable to attachment, and therefore affirm the judgment of the court below.