Hon. JAMES BARRETT,
Hon. HOYT H. WHEELER,
Hon. HOMER E. ROYCE,
·Hon. JONATHAN ROSS,    } ASSISTANT JUDGES.

---

ALONZO BEMIS ET AL. *v.* A. C. JENNINGS.

### *Judgment. Former Adjudication.*

The defendant recovered judgment by default against the plaintiffs for the use of his horse while it was being kept by them. The plaintiffs subsequently sought, in this action, to recover of the defendant for the keeping of the horse. *Held*, that the defendant's just claim in his suit against the plaintiffs, was for the use of the horse, they keeping it, and that, nothing appearing to the contrary, the presumption was that the damages in that suit were assessed upon that basis ; consequently, that that adjudication included and merged the plaintiffs' claim for keeping said horse.

GENERAL ASSUMPSIT. · Pleas, the general issue, offset in the general assumpsit counts and on judgment, and former adjudication. Trial by jury and verdict for the defendant, September term, 1872, Ross, J., presiding.

The plaintiffs conceded that the defendant should be allowed in offset the sum of fourteen dollars, balance due on judgment,

and the controversy was as to an item of the plaintiffs' account for keeping the defendant's horse. The plaintiffs owned and kept the Willoughby Lake House, and hired the defendant to take charge of it during the summer of 1870. When the defendant commenced that service, he took a horse to the plaintiffs' stable. One of the plaintiffs testified that the defendant said when he took the horse there, if he could make it earn its keeping, it was all he asked ; and the other plaintiff testified that the defendant said, if it could earn its keeping, it would be all right, and admitted that they should not have charged for keeping the horse, if the defendant had not charged, and recovered judgment against them, for the use of the horse in and about the business of the hotel while there. The plaintiffs' testimony tended to show that they kept said horse enough to come to —— dollars, at a fair price per week. One of the plaintiffs also testified that after the defendant left their service, he brought suit against them in general assumpsit, whereof they had legal notice by personal service of the writ on them, and that therein the defendant recovered judgment against them by default, for about $150 damages, including $29.60 for the use of said horse during the time the plaintiffs were keeping it as aforesaid. Upon the foregoing testimony, the court ruled that the item for keeping said horse had been adjudicated in said suit, and that the plaintiffs could not recover the same in this action ; to which the plaintiffs excepted. Other points of exception were saved by the plaintiffs, but, not having been argued in this court, it is unnecessary to state them.


*Wm. W. Grout*, for the plaintiffs, cited *Gale* v. *Cooper*, 11 Vt. 597 ; *Carver* v. *Adams*, 38 Vt. 500 ; *Rowe* v. *Smith*, 16 Mass. 306 ; *Minor* v. *Walter*, 17 Mass. 237 ; and *Whitcomb* v. *Williams*, 4 Pick. 228.


*J. Grout, Jr.*, and *W. D. Crane*, for the defendant, contended ; 1st, that the plaintiffs' testimony did not warrant a recovery ; 2d, that the item had been adjudicated in the defendant's suit against the plaintiffs.

Child v. Kingsbury.

The opinion of the court was delivered by

WHEELER, J. From the testimony of one of the plaintiffs, as stated in the bill of exceptions, it appears that while they had the use of the defendant's horse for which he recovered judgment, it was kept by them, so that his just claim against them in that behalf, was for compensation for the use of the horse, they keeping it. It does not appear, nor did the plaintiffs offer to show, so far as the case states, but that the damages in the suit of the defendant against the plaintiffs, were assessed upon that basis. The presumption, nothing to the contrary appearing, is that the damages were so assessed, and that adjudication would include and merge the claim the plaintiffs sought to enforce for the keeping of the horse in this suit. The decision of the court, as the case stood, in respect to that item, was correct.

The other points saved in the exceptions, have not been urged in this court.

Judgment affirmed.