### HAYWARD AND OTHERS *v.* CLARK AND TRUSTEE.

#### *Former Judgment.    Pension.    Trustee Process.*

In assumpsit for goods sold and delivered to the amount of $17.42, it appeared that after suit brought, the attorney, assuming to act for plaintiffs, brought a suit against defendant and recovered judgment for $8.02, part of said first-mentioned sum. *Held*, that whether the attorney had authority to act for plaintiffs or not, the judgment, not vacated, was a bar.

Defendant, a pensioner of the United States, received a draft on account of his pension from an United States pension agent, and gave the same to his wife, who, by defendant's advice, passed it to P., who gave her his note therefor, payable to her order, understanding that it was for defendant's pension, and that defendant and his wife wanted it used for the benefit of defendant's family, or to pay for a homestead if they purchased one. *Held*, that the legal title to the draft passed to the wife by gift, and that P. was not chargeable as trustee of the defendant.

*Semble* that as the money was to be kept as a fund, or invested for use as current circumstances might require, it was exempt from attachment by trustee or other process, under s. 4747, U. S. Rev. Sts.

THIS was an action to recover $17.42 for groceries. The case was referred, and the referee reported as follows :

The writ was served November 11, 1875. On February 2, 1876, Reuben R. Thrall, claiming to have been employed as attorney by plaintiffs in 1871, to collect an account of $8.02, brought an action against defendant and said trustee in favor of plaintiffs, and obtained a judgment for that amount, which remains unsatisfied. That sum of $8.02 was included in and was a part of the $17.42 sought to be recovered in this action. Plaintiffs repudiate the employment of Thrall as their attorney, and insist that they had nothing to do with him in regard to the matter ; but I find that he had been employed by them in some other collection matters, and "the weight of evidence apparently tends to prove a probability of his employment as attorney to collect this particular bill ;" I therefore allow the account of $17.42, with interest thereon from January 1, 1873, amounting on March 13, 1877, to $21.78, subject to the deduction of said judgment for $8.02, if the court decide that that is a bar to a recovery to that extent, which, in that event, would leave a balance of $10.55 due the plaintiffs on March 13, 1877. But if the court find that that judgment is a bar to a recovery in this suit, then I find for defendant to recover his costs.

The commissioner found that the defendant, a soldier in the late war and a pensioner of the United States, received in June, 1875, a draft or check from the United States pension agent for $500 on account of said pension, which he then gave to his wife, who, by the defendant's advice but not in his presence, passed the same to Pierpoint, the trustee, and took the trustee's note for that amount, payable to her order, the trustee then understanding that it was for defendant's pension, and that defendant and his wife wanted it used for the benefit of defendant's family, as it was needed, or to pay for a homestead if they should think best to purchase one ; and that if the court were of opinion upon those facts that said funds were attachable and liable to be held by trustee process, then that the trustee had in his hands and possession goods, &c., belonging to defendant, to an amount exceeding the damages claimed by plaintiffs ; but if otherwise, then that he had not any goods, &c., belonging to defendant in his hands.

At the September Term, 1877, the court, ELLIS, Assistant J., presiding, rendered judgment, *pro forma*, on the report of the referee for the larger sum, and judgment on the report of the

Hayward et als. v. Clark and trustee.

commissioner that the trustee was chargeable.    Exceptions by
defendant and trustee.

*J. Q. Hawkins*, for the defendant, and *W. G. Veazey* and *J.
B. Phelps*, for the defendant and trustee.

The former judgment having been upon a part of this claim, is
a bar to this action.    *Whitney* v. *Clarendon*, 18 Vt. 252; *Guern-
sey* v. *Carver*, 8 Wend. 492; *Miller* v. *Covert*, 1 Wend. 488;
*Warren* v. *Cummings*, 6 Cush. 103; *Trask* v. *Hartford & New
Haven R. R. Co.* 2 Allen, 331; *Farrington* v. *Payne*, 15 Johns.
432; *Bennett* v. *Hood*, 1 Allen, 47; *Bemis* v. *Jennings*, 46 Vt.
45; *Squires* v. *Whipple*, 2 Vt. 111.

The case is distinguishable from such as *Post* v. *Smilie*, 48 Vt.
185.    The former judgment is conclusive and cannot be im-
peached except by some proceeding bearing directly upon it.
*Porter* v. *Gile*, 47 Vt. 620.

The referee has found that Thrall had authority to commence
and carry on the suit of February, 1876, but if he had not, the
plaintiffs are barred by what he has done for them, and cannot
take advantage of his want of authority in this manner. .They
must look to him for their damage.    *Spaulding* v. *Swift*, 18 Vt.
214; *Abbott & Co.* v. *Dutton*, 44 Vt. 546.

The check or draft was exempt under the statute of the United
States, and the trustee is not holden.    U. S. Rev. Sts. s. 4747.
This case is distinguished from *Yates* v. *Hurst*, 41 Vt. 556.    Here
the trustee owed the pension money, not *for it*.    Besides, the
statute in question goes further than  our statute regarding boun-
ties, upon which *Yates* v. *Hurst* was decided.

It appears that defendant had made a gift of the check and
pension money to his wife.    He had a right to make such a gift,
and that constituted the money and check her sole and separate
property.    *Child* v. *Pearl*, 43 Vt. 224; *Cardell* v. *Ryder*, 35
Vt. 47.

*Joel C. Baker*, for the plaintiff.

The judgment is not a bar.    The suit in which it was rendered
was wholly without the plaintiffs' knowledge, and they never de-

rived any benefit from it. The referee vaguely says : " The weight of evidence apparently tends to prove a probability." That does not show that the plaintiffs had any connection with the matter.

When pension funds reach the hands of the pensioner and he loans the money or uses it, the statute no longer protects it. The property he buys with pension money becomes attachable for his debts, and when loaned by him it is subject to trustee process under the State law. U. S. Rev. Sts. s. 4747 ; *Adams* v. *Newell*, 8 Vt. 190. The defendant's wife acted as his agent. He left the check with her to loan to the trustee, and she had no interest in it as against the defendant's creditors.

The opinion of the court was delivered by

BARRETT, J. This suit was commenced November 11, 1875. On the 2d of February, 1876, another suit was commenced in the name of the plaintiffs against the defendant and this trustee, and was prosecuted to judgment in due course, which judgment has not been satisfied, but it is to be regarded as having the same force as when rendered. The account of. $17.42, on which this suit was brought, was for groceries furnished in 1872. The judgment in the other suit for $8.02 was part of, and included in, said sum of $17.42. It is said in the report that the other suit was brought by Thrall, claiming to have been employed by plaintiffs to collect a bill of $8.02. We have no further information as to the cause of action or the course of events resulting in that judgment for $8.02, or as to the relation that the cause of action in the other suit sustained to the cause of action in this suit.

It appears that the account for $17.42 had all accrued, however made up, and of whatever items consisting, in 1872, three years at least before this suit was brought. It was ripe for suit and recovery in full when sued. The same was true when the second suit was brought. No impediment existed to the right of recovery or the making of security by attachment in this suit, as giving right or occasion for the bringing of the second suit. For aught that appears, the second suit was ample for recovering all that was due when the first suit was brought. It is not shown that the whole account was not presented, and litigated, and adjudicated

Hayward et als. *v.* Clark and trustee.

in the second suit ; and if not in fact so done, nothing is shown as occasion or reason for it not having been done. What is said in the report as to' Thrall's having been employed to collect a bill of $8.02, cannot be regarded as saying that that was the whole amount of the account as placed in his hands, but rather as stating the amount due on the account sued by him.

Taking the facts shown by the report the same as if shown under proper technical pleadings, we have no hesitation in holding that the judgment in the second suit is a bar to a recovery in this suit. 2 Vt. 114 ; 46 Vt. 45.

It will hence be seen, that we have not regarded what is reported about the plaintiffs repudiating the employment of Thrall by them as their attorney, for two reasons : one, — that the fact of such employment, though faintly found by the referee, yet is sufficiently found to answer the requirement as to preponderance in civil cases, viz., that " the weight of evidence apparently tends to prove a probability of his employment as attorney to collect this particular bill." By " weight of evidence," as expressed in the report, we understand what it weighs, one way or the other, after being counterpoised by what hangs on the other end of the beam. The language of the referee is about equivalent to a favorite form of expression in charges to the jury by Judge COLLA-MER, viz. : " In view of all the evidence, as you are most inclined to think the fact to be, so should be your verdict." But passing this, the other reason is, that Mr. Thrall was a known attorney at law, with official authority to practice as such in all the courts of the State. He, in form and in fact, assumed to represent the plaintiffs as their attorney in bringing and prosecuting the second suit, and getting judgment therein. While that judgment stands and not vacated, it is effectual to every legal intent, the same as if the plaintiffs had appeared personally, and acted personally, in the obtaining of it, without the intervention of an attorney, or with the intervention of an attorney actually employed. The legitimacy, and operation, and effect of the judgment cannot be questioned in this case by any showing that Thrall acted without authority and wrongfully as against the plaintiffs. *Abbott* v. *Dutton,* 44 Vt. 546, and cases cited by Judge Ross.

We think the judgment against the trustee not to be warranted. While the check or draft from the pension office was the form of the defendant's claim, while that constituted the matter of *credit* in the sense of the trustee law of this State, it, or the value represented by it, could not be reached by any creditor, by any process or proceeding. Whatever disposition he might make of it, therefore, could not be in fraud of any creditor, either presently or in prospect. The defendant gave the draft to his wife. The legal title passed to her by the gift. This is so in the light of many decisions in this and many other States. See *Child* v. *Pearl*, 43 Vt. 224, and *Curtis* v. *Hapgood*, stated in that case; also *Richardson* v. *Merrill*, 32 Vt. 27, as specimens.

The trustee in this case could be chargeable in any event only by reason of the note given to the wife. He could not be held by reason of having in his hands the check or draft, even it it had been passed to him by the defendant. He could be charged only by showing that he had received the money on it, and was holding it as the debtor or bailee of the defendant. It does not appear that he has received the money on it. For aught that is shown, he may be holding the draft still. The only ground then, so far as shown, on which he could be charged as for a debt due from him on the score of that draft, is the note given to the wife. That, upon the facts shown, does not make him liable as on a note payable and delivered to the husband.

But if the case required, in order to protect the pension from the process in this case, we should feel it our duty to hold that under the United States statute, so long as the pension money is kept as a fund, or invested for keeping and use as current circumstances may require, it would not be subject to attachment by trustee process or otherwise, in suits against the pensioner. Nor are we at present prepared to say that property, needful for proper purposes of current life of the pensioner and his family, purchased with the pension money, could be so subjected. Having reference to the obvious intent of the United States statute, title 57, s. 4747, we should be disposed to give the closing clause of the section, " but shall inure wholly to the benefit of such pensioner," such

78

force and application as would effectuate the benefit therein meant.

Judgment reversed. Judgment for defendant, and that trustee be discharged with costs.