CASE 8—GARNISHER, PENSION.—APRIL, 1884.

# Robion v. Walker, &c. ·

APPEAL FROM MCCRACKEN COMMON PLEAS COURT.

1. Money received from the United States Government cannot while being transmitted to the pensioner be taken for his debt, but after it comes to his possession it may be subjected.

2. The conditions made by the act of Congress make it clear that the money was intended to be protected no longer than specified.

3. The claim of exemption upon the ground that the property sought to be subjected was occupied as a homestead cannot avail, because the property was purchased after the debt was created.

Robion v. Walker, &c.

QUIGLEY & QUIGLEY for appellant.

Inasmuch as the pension money due from the Government to appellee. has long since been received by her and invested in property, it is clear that it may be subjected to the payment of her debts.. (Gen. Stat., 433; U. S. Statutes, sec. 4,747; 11 Bush, 346; 9 *Ib.*, 355; 10 *Ib.*, 245.

C. W. BAGLEY for appellee.

Of what effect would be the last section of the act of Congress ''but shall enure wholly to the benefit of such pensioner" if as soon as. the fund reached the beneficiary it could be taken by creditors.'' (Rev. Stat. United States, sec. 4,747; 9 Bush, 355.)

Appellee has a homestead in the property which cannot be taken for. debt. (111 Bush, 279; Gen. Stat., *Ib.*, 38, Art. 13, sec. 16; 11 Bush, 627; Thompson Homestead, sec. 45.

JUDGE HINES delivered the opinion of the court.

Appellant having a judgment, execution and return of ''no property,'' attempts to subject a house and lot occupied by appellee to the payment thereof. It is shown by the record that the property was acquired subsequent to the creation of the debt, and for defense it is alleged and proved that appellee is a house-keeper with a family within the meaning of the statute, and that appellee purchased the property with money drawn by check on a certain bank, and that the money so deposited and drawn was on account of money received by appellee as a pensioner of the Federal Government.

The questions presented are—

*First.* Whether the act of Congress exempting pensions from the payment of debts follows the sum so appropriated beyond the time it reaches the hands of the pensioner?

*Second.* Whether, after the fund reaches the hands. of the pensioner, the Federal exemption can be extended, by implication, so as to become a part of the state exemption law ?

Sec. 4,747 of the Revised Statutes of the United States, reads:

"No sum of money due, or to become due, to any pensioner, shall be liable to attachment, levy, or seizure by or under any legal or acquitable process whatever, whether the same remains with the pension office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall enure wholly to the benefit of such pensioner."

That the exemption does not extend beyond the time the money reaches the hands of the pensioner seems, from the language of the section quoted, to be beyond doubt. It speaks of money "due or to become due," and expressly protects it while in the pension office, in the hands of any officer or agent of the pension office, or "in the course of transmission to the pensioner."

The specification of the conditions under which the fund could not be subjected, necessarily excludes the conclusion that the fund was intended to be protected further than specified.

A different result is announced by this court in the case of Eckert v. McKee, 9 Bush, 355, but appears not to be justified by the facts of that case as found stated in the opinion. There the money was in the hands of one to whom the check drawn by the pension agent had, by the pensioner, been endorsed, and was "in the course of transmission," within the terms and meaning of the statute. Since the delivery of the opinion in that case this court has construed the statute to protect the pension money only until it reaches the hands of the pensioner. In that case

Wayne v. Chester, MSS. opinion, June 24th, 1875, the pension money had been deposited in bank, checked out and loaned, and the proceeding was to subject the money, in the hands of the person to whom it was loaned, to the payment of a debt owing by the pensioner. In the opinion it is said : "According to the terms of the act the protection extends no further than until the money reaches the hands of the person entitled thereto." This last utterance of the court is in accord with the decisions in other states, and has been followed by the Superior Court of this state in the case of Moxley v. Andrews, November 12th, 1883, opinion by Judge Richards. (Webb v. Holt, 57, Iowa, 712 ; Jardain v. Fariton Saving Fund Association, 44, N. J., 377 ; Crawz v. White, 27, Kansas, 319.)

The claim of exemption on the ground that the property sought to be subjected was occupied as a homestead is not available because the property was purchased subsequent to the creation of the debt; and as the pensioner had reduced the pension money to possession prior to the purchase of the property no question can arise as to whether money or property exempt from debts preserves its immunity when converted into other property which by the statute is declared exempt.

Judgment reversed and cause remanded, with directions for further proceedings consistent with this opinion.