Farmer & Sons v. Turner et al.

FARMER & SONS v. TURNER ET AL.

1. **Execution**: EXEMPTION FROM: CHECK FOR UNITED STATES PENSION: GIFT TO WIFE: PURCHASE OF LAND WITH: STATUTES CONSTRUED. A check given in settlement of a pension from the United States is exempt from execution, under section 4747, Rev. St. U. S., 1878; and a gift of such check by the pensioner to his wife is not such an assignment of a right, claim or interest in a pension as is declared to be void by section 4745, Rev. St. U. S.; and land purchased by the wife with the proceeds of such check cannot be subjected to the payment of the husband's debts.

*Appeal from Jefferson Circuit Court.*

FRIDAY, OCTOBER 24.

THE plaintiffs are judgment creditors of the defendant, Christian Turner, the husband of the defendant, Christena L. Turner. They bring this action for the purpose of subjecting to the payment of their judgment certain real estate, purchased by and standing in the name of the defendant, Christena. They base their right of action upon the allegation that the real estate was purchased with the money of her husband.

The defendants deny that it was purchased with his money. They admit that it was purchased with money received upon a pension check issued to Christian Turner, but they aver that he did not receive the money, but made a gift of the check to his wife Christena, as he had a right to do, because the same was exempt from execution. Upon trial, the court dismissed the plaintiffs' petition, and they appeal.

*Leggett & McKemey,* for appellants.

*Wilson & Hinkle,* for appellees.

ADAMS, J.—The evidence shows the facts to be substantially as set out in the defendants' answer.

The plaintiffs contend that, conceding such to be the facts,

the real estate should be held liable for the husband's debts. Their position is that the proceeds of the pension claim must either be deemed to have been virtually paid by the check, and so not in the course of transmission, and not exempt, under the provision of section 4747, Revised Statutes of the U. S., 1878, as construed in *Webb v. Holt*, 57 Iowa, 712, and *Triplett v. Graham*, 58 Id., 135, or, if not so, the transfer of the check was an attempted assignment of a right, claim or interest in a pension, and was void under section 4745, Revised Statutes of the U. S.; and, if the assignment was void, the wife must be deemed to have collected the money for her husband, and, in either view, the land purchased with the money should be held liable to the judgment.

In our opinion, the issuance of the check was evidence that the claim was settled. By the issuance, the process of payment was initiated, but not consummated. The check was designed to be negotiated to banks or others who would cash the same. The claim was so far settled that a transfer of the check could not be deemed prohibited by the statute last above cited, and at the same time it appears to us that the check was not liable to execution, for the money due had yet to be paid, or, within the meaning of the statute, had yet to be *transmitted*. See *Hayward v. Clark*, 50 Vt., 612. We see no error in the ruling of the circuit court.

AFFIRMED.