## J. D. Carter & Co. v. J. D. Strange, et al.

[Abstract Kentucky Law Reporter, Vol. 7—302.]

**Subjecting Pension Money to Attachment.**

> Money in the possession of the agents of the government or in transitu to the pensioner can not be attached when received and deposited with or loaned to another; but such money may be attached or garnished, and when invested in real estate it may be subjected, although conveyed to the wife, nor can the homestead be relieved from the burden if acquired after the creation of the debt.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

October 6, 1885.

Opinion by Judge Pryor:

The promise on the part of the husband to give or have conveyed to the wife the property in controversy so soon as he received his purchase-money without any other consideration than that springing from the material relation can not uphold the conveyance as against prior creditors.

The case of *Eckert & Co. v. McGee & Co.*, 9 Bush (Ky.) 355, has been overruled by the case of *Robion v. Walker*, 82 Ky. 60, 5 Ky. L. 799, 56 Am. Rep. 878, and is no longer the law. The latter case has since been followed by repeated adjudications and must now be regarded as the settled doctrine. While the money in the possession of the agents of the government or in transitu to the pensioner can not be attached, when received and deposited with or loaned to another it may be attached or garnisheed, and when invested in realty the realty may be subjected, although conveyed to the wife; nor can the homestead be relieved from the burden if acquired after the creation of the debt. The judgment below is therefore reversed with directions to subject the property

to the payment of the debt, unless a valid defense is interposed. The promise to the wife if based upon a valuable consideration may be relied on, but no such consideration is alleged or proved. Judgment reversed and remanded for proceedings consistent with this opinion.

Judgment *reversed.*

*J. H. C. Sandidge, for appellants.*

*T. C. Allen, Irvin Williams, for appellees.*

[Cited, *Sanders v. Henderson,* 29 Ky. L. 325, 93 S. W. 14.]