GEORGE E. CROW, Appellant, v. W. H. BROWN *et al.*, Appellees.

Pension Money: PROPERTY PURCHASED THEREWITH: EXECUTION: EXEMPTION. Real estate purchased by a pensioner with pension money, received from the federal government, is exempt from levy and sale under execution, under the provisions of section 4747 of the Revised Statutes of the United States. (*Overruling prior decisions.*) [ROBINSON, J., *dissenting.*]

*Appeal from Adams District Court.*—HON. R. C. HENRY, Judge.

FRIDAY, OCTOBER 24, 1890.

THIS is an action in equity by which the plaintiff seeks to enjoin the sale of certain real estate upon an execution against him, and in favor of the defendant Brown, upon the ground that the said real estate is exempt from execution and sale. There was a demurrer to the petition, which was sustained. The plaintiff appeals.

*Davis & Wells*, for appellants: To exempt future acquisitions is recognized as a state's right in all the cases. *Edwards v. Kearzey*, 94 U. S. 595; *Gunn v. Barry*, 15 Wall. 610. The pension law (Statutes, U. S., sec. 4747), enacted in 1866, protects pension money from seizure for debts until it is paid into the hands of the pensioner, and then provides that such pension money "shall inure wholly to the benefit of such pensioner." In *Goble v. Stevenson*, 68 Iowa, 270, this court held, that after chapter 23, Acts of 1884, took effect, "any pensioner might make a gift of his pension money, and the donee might hold the same, or property purchased therewith, as against the donor's creditors." The majority opinion in *Foster v. Byrne*, 76 Ia. 295, is in conflict with that case; for, if the exemption act is unconstitutional, then a donation of pension money could be followed

into the donee's hands. The lexicon definition of the noun "benefit" is "profit," "advantage," "whatever promotes personal happiness." "Wholly for the benefit of such pensioner," means "for his own personal happiness." To "pay a debt" means to confer a benefit upon another ,in discharge of an obligation. To pay always means sacrifice to the debtor and benefits to the creditor. *Hissem v. Johnson*, 27 West Virginia, 644, expressly holds that the "benefits" of pensions are carefully guarded by federal statutes for the use of the pensioner and his family, not only by section 4747, United States laws, but that said section is made plain by sections 4703, 4745, 4746, 4785 and 4786, to be construed therewith. *Eckert v. McKee* is still authority, unless overruled by *Robion v. Walker*, 82 Ky. 60. If the statute, section 4747, had no other purpose than to exempt the pension money while in transmission from the officers and agents of the government to the pensioner, no such statute was needed. *Buchanan v. Alexander*, 4 How. 20 ; *Elwin's Appeal*, 67 Pa. St. 367 ; *Heywood v. Clarke*, 50 Vt. 617. The right to enforce payment of a pre-existing debt out of pension money, subsequently received, does not enter into the obligation of a contract creating such pre-existing debt. *Hissem v. Johnson*, 27 W. Va. 652 ; *Kellogg v. Waite*, 12 Allen, 530; *United States v. Hall*, 98 U. S. 349. This court held, in *Babcock v. Gurney*, 42 Iowa, 154, that the legislature could change the remedy and remedial proceedings as to existing judgments, and in *Kossuth County v. Wallace*, 60 Iowa, 508, it held that if existing remedies are not destroyed a pre-existing contract is not affected. And in *Maltby v. Cooper*, Morris, 59, it is held, that the legislature may completely bar a particular action as to existing contracts, if a substantial remedy is left. Congress did not intend to appropriate money to pay off creditors of the pensioners. The act of 1884 prevents the diversion of the pension fund exactly as congress intended. We rely upon *Heywood v. Clarke*, 50 Vermont, 613 ; *Hissem v. Johnson*, 27 W. Va. 644 ; *Folschow v. Werner*,

51 Wis. 85 ; *Farnum v. Turner*, 64 Iowa, 690 ; *Goble v. Stevenson*, 68 Iowa, 270 ; *United States v. Hall*, 98 U. S. 343 ; *Eckert v. McKee*, 9 Bush, 355.

*Dale & Brown*, for appellees : Is chapter 23, Twentieth General Assembly, 1884, unconstitutional and void as to pre-existing debts ? The question was determined by this court after full argument and reargument on rehearing in *Foster v. Byrne*, 76 Iowa, 295. The principle of "*stare decisis et non quieta movere*," has been recognized and followed by this court since its foundation, and it is in cases determined by a divided court that it is particularly necessary to invoke and be governed by this principle. *Stout v. Insurance Co.*, 12 Iowa, 386–7 ; *Longhurst v. Insurance Co.*, 19 Iowa, 370–2 ; *Moingona Coal Co. v. Blair*, 51 Iowa, 447 ; *Lewis v. Soule*, 52 Iowa, 11–14 ; *Zent v. Picken*, 54 Iowa, 538 ; *Bullis v. Marsh*, 56 Iowa, 751 ; *Monk v. Corbin*, 58 Iowa, 505 ; *Ex'r of Griffith*, 64 Iowa, 197 ; *Maxwell v. Hunter*, 65 Iowa, 124 ; *Adams v. Griffin*, 66 Iowa, 127. The dissenting opinion in *Foster v. Byrne* shows that the dissenting judges do not attempt to sustain the constitutionality of chapter 23, Twentieth General Assembly, but rest their decision on their construction of Revised Statutes, United States, section 4747. Does chapter 23, Laws, 1884, violate these constitutional provisions ? The determination of that question involves another : Is a law exempting from execution property that was liable at the time the contract was executed an impairment of the contract ? That it is, see *Triplet v. Graham*, 58 Iowa, 135 ; *Goble v. Stephenson*, 68 Iowa, 270 ; *Edwards v. Kearzey*, 96 U. S. ( 6 Otto) 595 ; *Gunn v. Barry*, 82 U. S. ( 15 Wall.) 610–625 ; *Walker v. Whitehead*, 83 U. S. ( 16 Wall.) 314–318 ; *Wilson v. Brown*, 58 Ala. 62. "Even as to property acquired by the debtor after the act was passed." *Johnson v. Fletcher*, 54 Miss. 628 ; *The Homestead Cases*, 22 Gratt. 266. Also, that laws are void which substantially impair the

remedy, see *Jones v. Brandon*, 48 Ga. 593; *Lessley v. Phipps*, 49 Miss. 790; *Parvey v. Wickham*, 23 Mo. 112; *Kibby v. Jones*, 7 Bush, 243; *Berry v. Ewing*, 3 S. W. Rep. 877; *State of Louisiana ex rel. Fisk v. Police Jury of Jefferson*, 116 U. S. 135–137. A law reducing the limit of taxation of a municipal body is void as to the pre-existing contracts of such municipal corporation. *State of Louisiana v. Police Jury, St. Martin's Parish*, 111 U. S. 716–722. The following cases announce the same doctrine: *Van Hoffman v. Quincy*, 71 U. S. (4 Wall.) 535; *State of Louisiana v. New Orleans*, 102 U. S. (12 Otto) 203–7; *Ogden v. Saunders*, 25 U. S. (12 Wheat.) 213, and several cases collated and cited in 47 U. S. (6 How.) 328. A stay law enacted after the contract is made is unconstitutional. *Webster v. Rose*, 6 Heisk. 93. Extending time of redemption on foreclosure of a mortgage is held unconstitutional as to prior contracts. *Bronson v. Kinzie*, 42 U. S. (1 How.) 311; *Maloney v. Fortune*, 14 Iowa, 417; *Cagill v. Bower*, 1 Mich. 369. Laws requiring property to be appraised, and sold at not less than two-thirds the appraisement, held void as to pre-existing contracts. *Bronson v. Kinzie*, 42 U. S. (1 How.) 311; *McCracken v. Hayward*, 42 U. S. (2 How.) 608; *Wilard v. Long-street*, 2 Doug. (Mich.) 172; *Rosier v. Hale*, 10 Iowa, 470. Every debt, then, created by contract prior to the passage of any homestead or exemption law, is privileged from the operation of such law. Thompson on "Homesteads and Exemptions," sec. 291. Is real estate purchased solely with pension money exempt from execution under Revised Statutes, United States, section 4747? This section was first construed by this court in June, 1882, in the case of *Webb v. Holt*, 57 Iowa, 712. The rule established upon the authority of that decision has been followed in the following cases: *Triplett v. Graham*, 58 Iowa, 135; *Goble & Co. v. Stephenson*, 68 Iowa, 270; *Baugh v. Barrett*, 68 Iowa, 495; *Foster v. Byrne*, 76 Iowa, 295. In the latter case Justices ROTHROCK and BECK dissent, as to

the construction of section 4747. During this period, Judges DAY, ADAMS, SEEVERS, REED and ROBINSON have concurred in the majority opinion, at different times. This question has been determined in accordance with the holding of the majority in *Webb v. Holt*, *supra*, by the following state supreme courts. *Kellogg v. Waite*, 12 Allen (Mass.) 529; *Spelman v. Eldridge*, 126 Mass. 113; *Robin v. Walker*, 82 Ky. 69; 56 Am. Rep. 878; *Eckert v. McKee*, 9 Bush (Ky.) 355; *Sirus v. Walsham*, 7 S. W. Rep. (Ky.) 557; *Jardain v. Fairton*, S. F. A. 44 N. J. Law, 376; *Cavanaugh v. Smith*, 84 Ind. 380; *Cranz v. White*, 27 Kan. 319; *Friend v. Garcelon*, 77 Me. 25; *Hissem v. Johnson*, 27 W. Va. 644; *Rozelle v. Rhodes*, 9 Atl. Rep. (Penn.) 160. The case of *Eckert v. McKee*, 9 Bush, 355, has been overruled by the supreme court of Kentucky, in the cases of *Robin v. Walker*, 82 Ky. 60, and *Sirus v. Walsham*, 7 S. W. Rep. 557. The state supreme court of Wisconsin, in *Folschow v. Weiner*, 51 Wis. 85; 7 N. W. Rep. 911, decided in 1881, maintains the doctrine contended for by appellant; this is the only state so construing this statute. The only United States supreme court case bearing on this question is the case of *United States v. Hall*, 98 U. S. 343-358. The proceeds or investments of exempt property are not exempt. The rule in this state is that money or property, the proceeds of personal property exempt from execution, voluntarily sold by the owner, are not exempt from execution. *Friedlander v. Mahoney*, 31 Iowa, 311; *Harrier v. Fassett*, 56 Iowa, 264. That exemptions are purely the creation of statute, which only exist under explicit provisions, see *Van Dorn v. Marden*, 48 Iowa, 188; *Rogers v. Raiser, Sheriff*, 60 Iowa, 355. Congress has no power to exempt pension money after payment to the pensioner. *Webb v. Holt*, *supra*; *Cranz v. White*, 27 Kan. 319; *Friend v. Garcelon*, 77 Me. 25; *Hissem v. Johnson*, 27 W. Va. 644; *Fink v. O'Neil*, 106 U. S. (16 Otto) 272; *Bowman v. Railway Co.*, 125 U. S. 465; *Spindle v. Shreve*, 111 U. S. 542. Appellant refers to legislation of congress granting

public lands on various conditions. The whole subject-matter of the public lands is, by constitution United States, article 4, section 3, placed under the control and disposal of congress. *United States v. Gratiot*, 39 U. S. (14 Pet.) 537. The words "public lands" describe such lands subject as are to sale or other disposal under general laws. *Newhall v. Sanger*, 92 U. S. 761. As to other lands or property owned by the United States within a state the United States has only the right of an ordinary proprietor. *Ft. Leavenworth Ry. Co. v. Lowe*, 114 U. S. 525; *Miner's Bank v. State of Iowa*, 53 U. S. (12 How.) 4.

ROTHROCK, C. J.—I. · In the month of October, 1875, the defendant Brown recovered a judgment against the plaintiff for the sum of four hundred dollars and costs. At that time the plaintiff was insolvent. The plaintiff was a soldier in the war of the rebellion, and in the month of October, 1886, he received a pension from the United States on account of physical disability incurred while in the military service. He was allowed and paid the sum of fourteen hundred and forty dollars as arrears of pension. Upon receiving the said sum of money he bought one hundred and twenty acres of land, for which he paid out of said pension money the sum of five dollars an acre. He built a house on said land into which he moved his wife and family, and has since occupied the premises as a homestead. On the eighteenth day of May, 1889, the defendant Brown caused an execution to be issued on said judgment, and levied on the land, and by this action the plaintiff seeks to restrain the defendant Pomroy, who is sheriff, from selling the land in satisfaction of the judgment.

In the case of *Webb v. Holt*, 57 Iowa, 712, it was held that pension money was exempt from the payment of the debts of the pensioner while it was in course of transmission to him, but not after it came into his possession. This construction of section 4747 of the Revised Statutes of the United States was adopted by a majority of this court. The same principle has since been adhered

to in the cases of *Triplett v. Graham*, 58 Iowa, 135 ;
*Baugh v. Barrett*, 69 Iowa, 495 ; *Farmer v. Turner*, 64
Iowa, 690, and in *Foster v. Byrne*, 76 Iowa, 295. In
the first and last of the cited cases Mr. Justice BECK
and the writer hereof dissented from the opinion of the
majority. No formal dissent was entered in the other
cases. Since the final opinion was filed on rehearing in
the case of *Foster v. Byrne* the *personnel* of this court
has been changed, and upon a full examination of the
question a majority of the court are of the opinion that
the property purchased with pension money is exempt
from execution or attachment under the act of congress
above cited. The reasons for such holding are fully
set out in the dissenting opinions above referred to, and
need not be repeated here. It is sufficient to say that if
force and effect is to be given to that clause of the act of
congress which provides that pension money "shall
inure wholly to the benefit of the pensioner," to the
exclusion of his creditors, there appears to us to be no
escape from the conclusion that the property purchased
with pension money is exempt. Any other construc-
tion of the law would permit creditors to subject the
money as soon as it reaches the hands of the pensioner.

It is correct as claimed by counsel for appellees
that the weight of authority is contrary to our present
holding. But courts are not always controlled by the
weight of authority. If they were, the duties of courts
of last resort would be simply to ascertain the num-
ber of cases involving the question, and follow the
majority. There is the other important consideration
that the weight of authority should commend itself to
the judgment and conscience of the court having before
it the question for determination.

If the rule adopted by this court heretofore were
such as that rights may have accrued by reason of the
rule, whereby the law as declared has become what is
known in the law as a rule of property, we might well
hesitate to overrule the cases above cited. But no such
a result will follow our present holding. The relation
of the creditor of the veteran pensioned soldier has

been in no sense changed by the decisions of this court. The defendant in this action has not extended credit to the plaintiff by reason of the former decisions of this court.

The decree of the district court is REVERSED.

ROBINSON, J. (*dissenting*).—It is true that courts are not always controlled by the weight of authority, but when numerous courts of high standing have duly considered a statute, and all but one or two agree as to its intent and scope, one of the courts so agreeing should not overrule its decisions, and adopt a different view of the statute except for reasons of controlling force. In cases of doubt, it is usual and proper to give great consideration to the weight of authority. The section of the federal statute construed in the foregoing opinion is as follows: "No sum of money due, or to become due, to any pensioner, shall be liable to attachment, levy or seizure, by or under any legal or equitable process whatsoever, whether the same remains with the pension office, or any officer or agent thereof, but shall inure wholly to the benefit of such pensioner."

The exemption applies in terms only to money due or to become due, and there is no suggestion in the statute that it is designed to apply to any other kind of property. The exemption applies only to such money, "whether the same remains with the pension office, or any officer or agent thereof," the clause quoted necessarily controlling and limiting the effect of the clause of the section immediately following. That is not peculiar to the statute under consideration, but has been frequently incorporated in substance and effect in acts of congress relating to pensions. It has heretofore as a rule been considered as designed to exempt the pension from the seizure for liabilities of the pensioner until it should be received by him. Had it been the intent of congress to exempt not only the money, but also all property in which it should be invested, such intent could readily have been expressed in language which would have left no room for doubt. To give the

statute the effect ascribed to it by the opinion of the majority required the interpolation of words which congress deemed it proper not to use.

It was said in *Rozelle v. Rhodes*, 116 Pa. St. 129, 134, that "the exemptions provided by statute, upon any fair and reasonable construction, will only protect the fund whilst it is in course of transmission to the pensioner ; after that it is liable to seizure as other money." In *Friend v. Garcelon*, 77 Me. 25, it was said, "The question is, whether this provision furnishes any protection to or exemption of the money after it comes into the pensioner's hands? A careful examination inclines us to the conclusion that it does not. The meaning of the section seems to be that the protection is extended so long as the pension remains in the pension office or its agencies, or is in the course of transmission to the pensioner. It is money 'due,' or to 'become' due,' and not money collected, that is protected by the law. By another provision of the federal statutes, a pensioner is not allowed to pledge or sell any right or interest in his pension. The extent of all the interference of the government seems to be to insure the actual reception of its bounty by the person entitled to it. When the money is actually in the possession of the pensioner the protection is gone." That doctrine is adhered to in *Crane v. Linnens*, 77 Me. 59, 61. In *Cranz v. White*, 27 Kan. 319, it was said that the protection afforded by the statute was to an undelivered sum of money, and that the clause "but shall inure wholly to the benefit of such pensioner" is qualified by, and must be read in the light of, the preceding words of the section, and that it "applies to money due, or to become due, and not to money paid in and in possession." It was further said that "nowhere in the section is there reference to pension money in the hands of the pensioner. It does not purport to exempt money in such hands from the operation of state laws, either those of taxation, or the ordinary statutes concerning exemptions and indebtedness." The construction adopted in the

foregoing cases has been approved in the following : *Jardain v. Savings Fund Ass'n*, 44 N. J. L. 376 ; *Robion v. Walker*, 82 Ky. 60 ; *Faurote v. Carr*, 108 Ind. 123, 126 ; *Spellman v. Aldrich*, 126 Mass. 113, 117 ; *Hissem v. Johnson*, 27 W. Va. 652 ; *Stockwell v. Bank*, 36 Hun, 583. The doctrine of the majority opinion was approved in *Folschow v. Werner*, 51 Wis. 85, 87, and, so far as I am aware, it has been approved by no other court of last resort, although something in the nature of *dictum* was said in approval in *Hayward v. Clark*, 50 Vt. 612, 617. It is interesting to note in this connection that the only case cited by the supreme court of Wisconsin to support its views is *Eckert v. McKee*, 9 Bush (Ky.) 355 That case so far as it supports the doctrine of the Wisconsin court was overruled by the court which decided it in *Robion v. Walker, supra.* It has been held that, before the pension check is cashed, it so far represents money in the course of transmission that it may be disposed of by the pensioner, and the pension money thus be placed beyond the reach of creditors of the pensioner. *Farmer v. Turner*, 64 Iowa, 690 ; *Hissem v. Johnson, supra ; Hayward v. Clark, supra.*

The appellee contends that congress has no power to exempt from execution pension money after its payment to the pensioner. That power was questioned in *Webb v. Holt*, 57 Iowa, .712, 716 ; in *Hissem v. Johnson, supra*, and in *Cranz v. White, supra.* It was referred to, but not determined, in *United States v. Hall*, 98 U. S. 343 ; that case going no further than to hold that congress may enact laws to protect pension money until it shall have passed into the hands of the pensioner. The power to enact laws which shall have the effect necessarily given to the section under consideration by the opinion of the majority is not expressed in the constitution, and if possessed by congress it is an implied or incidental power. In the view I take of the statute it is not necessary to determine whether that power exists, but the fact that if exercised it would create in many, if not all, the states a new class of exemptions, and would be

contrary to the general policy of congress not to interfere unnecessarily with the domestic affairs of the several states, is an additional reason in favor of the conclusion that congress did not intend to exempt property in the hands of the pensioner purchased with pension money from liability for his debts; but did intend to leave the matter of creating such exemptions to the discretion of the state legislatures. Happily, the general assembly of Iowa, by chapter 23 of the Acts of the Twentieth General Assembly, has extended the protection provided by congress to investments made by the pensioner, and the question involved in this case will be of interest in comparatively few cases. Believing as I do, however, that the construction of the federal statute adopted by the majority is not sanctioned by the rules of construction, and that it does not effectuate the intent of congress, I cannot but dissent from their opinion. Certainly the prior decisions of this court should not be overruled, and the great weight of authority disregarded, unless for reasons so convincing as to leave little room to doubt the correctness of such a course, and this does not seem to me to be a case of that kind. In my opinion the judgment of the district court should be affirmed.