### *PETER FULWILER v. JOHN INFIELD'S GUARDIAN.

PENSION MONEY NOT EXEMPT IN PENSIONER'S HANDS.

Under sec. 4747 Rev. Stat. of the United States, pension money is not exempt from liability for the pensioner's debts after it has come into his hands, and there is no statute in Ohio exempting pension money in the hands of the pensioner from liability for his debts.

Error to the Court of Common Pleas of Mahoning county.

WOODBURY, J.

In the case of Peter Fulwiler v. John Infield's guardian, we have the petition in error to the common pleas of this county, in which court Fulwiler commenced an action against Infield's guardian to recover the amount claimed to be due upon a promissory note dated on May 23, 1876, for the sum of one hundred and ten dollars, ($110.00), and signed by John Infield—his mark—and Peter Fulwiler.

Plaintiff alleges in his petition that he had become the owner, alleging particularly the way and manner in which he had become the owner of this promissory note, and that there was due to him upon the promissory note the sum of one hundred and ten dolllars ($110.00), with interest upon it from its date.

There were two other causes of action in his petition which, before the trial, were dismissed by the plaintiff Fulwiler, so that the action proceeded to trial upon this promissory note.

The guardian answered, admitting the making and execution of the promissory note by his ward, but alleging that it was a joint and several note of his ward and the plaintiff; and that the plaintiff, instead of being the purchaser of the note, was in fact the payor of the note, and that his ward was only liable for one-half of the amount due upon said note.

The guardian set up further, as a defense, that all of the money of the ward's in his hands was pension money, received by him from the government of the United States; that he held no other moneys in his hands save and except moneys received as pension.

Upon the trial of the case it was submitted to the court without a jury. The court found in favor of the plaintiff Fulwiler for the full amount due upon this note; and then found, as the guardian had alleged in his answer, that all of the money then in the guardian's hands or possessed by his ward, was pension money received from the government of the United States; and found also that as to such money it was exempt from execution under sec. 4747, Rev. Stat. of the United States. There was a finding of facts which is set out in the journal entry and the bill of exceptions taken, which calls upon us to review the question of error of the court below upon that question.

Counsel have produced to us all the authorities upon either side bearing upon the question as to whether or not pension money, received by a pensioner, is exempt from execution and appropriation for the payment of his debts after the same is received by him. The respective provision of the statutes of the United States reads:

"No sum of money due or to become due to any pensioner shall be liable to attachment, levy or seizure, by or under any legal or equitable process whatever, whether the same remains with the pension office or any officer or agent thereof, or is in course of transmission to the pensioner, but shall inure wholly to the benefit of such pensioner entitled thereto."

Now it is claimed by the plaintiff in error, that after this money came into the hands of the guardian, it was then liable for the payment of this pensioner's debts, while it is claimed on the part of the defendant in error that it is not so liable, but is exempt under the provisions of this act of congress. We have spent considerable time in the examination of the authorities upon this question, for the reason that we found that there was some conflict in the holding of the different states, with a view of determining where the weight of authority lay upon this question. The statute, it will be noticed, describes the moneys that

*This judgment was affirmed by the supreme court—Wilson (guardian) v. Fulwiler—without report. Let on this opinion. 52 O. S., 623.

are to be exempt. It is "moneys due or to become due" that it provides shall be exempt; and it specifies in its terms, the time that it shall remain exempt, unless a different construction is to be placed on it by reason of the last clause of the section. It is provided there that such money shall be exempt from "seizure," and so forth, "whether the same remains with the pension office, or any agent thereof, or is in the course of transmission to the pensioner entitled thereto." Now, up to this point the statute seems to be very definite as to the time it should remain exempt—while it remains in the pension office; while it remains in the hands of the officer of the government, and while it is in the course of transmission from the government to the pensioner. And there it stops, and if it were not for the following provision of the statute, there could be no question that after it was received by the pensioner it would be liable for seizure under the laws of the state—unless there should be some provision in the state law exempting it from execution. Now, the provision following is: "But shall inure wholly to the benefit of such pensioner." In the states where it has been held that under this section such money was exempt after it came into the possession of the pensioner, force and effect has been given to this provision of this section. Especially in the state of Wisconsin, in the case to be found in 51 Wis., 85, the court places great stress upon this provision of the statute, and while they admit that the weight of authority seems to be the other way, yet at the same time they say that in the states where it has been held otherwise, or in other words, where it has been held that such money is not exempt, there the courts give a strict construction to exemption laws, while the courts of Wisconsin, and of one or two other states which are mentioned, give liberal construction to exemption laws; therefore they hold that it is exempt.

I do not mean to take up the time to read the different authorities cited to us as holding the same doctrine that is held in Wisconsin—the case in the 9th of Bush, Kentucky; and also the case in 50 Vt., 612, as well as the case in Wisconsin, and the case decided by the circuit court of the United States in Missouri.

Now, as holding the contrary doctrine, that after the money has been received by the pensioner it is liable to execution for the payment of his debts, I find that in 70 Vt, 364, the supreme court of that state holds that such money is liable for the payment of debts, and in that case they refer to the case in 50 Vt., where they say that the judge in deciding the case incidentally remarked that such money would be exempt from execution, but that it was not necessary for the decision of that case, though, in effect, the 60 Vt. overruled the case in 50 Vt. And in the same connection, I may now say that I find on examination, that the case cited from 9 Bush is overruled by the supreme court of Kentucky in 87 Ky., 60. So that the Vermont case, and the Kentucky case cited to sustain the claim of exemption have both been overruled by the highest courts of their states.

I find, on examination, that the supreme court of Maine, in 77 Me., 25 and 59, held that the pension, after being received by the pensioner, is liable for the payment of his debts. 27 Kan., 319, holds the same doctrine. In 108 Ind., 495, the two cases before that time decided by the supreme court of Iowa, and found in 57 Ia., 712, and 58 Ia., 135, are affirmed; and I find further that after the decisions of the supreme court of Iowa recorded in 57 and 58 Ia., the legislature of that state passed a law which exempted pension moneys from the payment of debts, and the decision which I have quoted from, 69 Ia., although they speak of the two prior cases and adhere to that decision, yet they say that the two decisions in 57 and 58 Ia. were decided before the passage of the state law of that state exempting pension money from execution. Massachusetts in 12 Allen, 530, and again in 126 Mass., 117, held that such money is liable to execution. New Jersey, in 44 N. J., 376, holds the same doctrine. The state of Pennsylvania, in 116 Penn. St., 1346, holds the same way, and the same doctrine has been held by the supreme court of the state of New York, in 36 Hun., 584. And I find on examination that in the state of New York the legislature has also passed a statute like the Iowa statute, exempting pension money from execution.

So that there are ten states of the Union where the supreme court, or the highest court in the state, (save in the state of New York, and perhaps they have in that state in an earlier case which I do not care to consider, I believe it is in the 48 N. Y.), has held that pension money, after it is received by the pensioner, is liable so far as the United States statute is concerned. And as against this there now stands one state, to-wit: Wisconsin, holding the contrary doctrine, and perhaps Missouri. So that it will be seen that while we have the state of Massachusetts, the states of Maine, New Jersey, Pennsylvania, Indiana, Kansas, Vermont, and New York, holding one way, we have the supreme court of Wisconsin holding the other way.

Now, upon this proposition it would seem there could be no question as to where the weight of authority laid, and the construction which those courts place upon it seems to be reasonable. We think it is the true construction, and that the court below erred in holding that in Ohio the pension money under that sec. 4747 Rev. Stat. of the United States, was exempt. We find therefore that there was error committed by the court below in holding this money exempt in the hands of the guardian. Proceeding then to render judgment which the court of common pleas should have rendered, we find this money is liable in the hands of the guardian, and the entry should be that the judgment obtained below should be paid out of the money in the hands of the guardian.

We will modify the judgment still further. There is another question which I mentioned in the fore part of the case. The judgment below is rendered against the ward. The judgment, we think, should be rendered against the guardian, to be paid out of any money in his hands belonging to his ward. An entry may be drawn up to that effect.

. Ensign N. Brown, for plaintiff in error.

James P. Wilson, for defendant in error.