## McINTOSH *v.* AUBREY.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 107. Submitted January 16, 1902.—Decided April 7, 1902.

Section 4747 of the Revised Statutes, which provides that no sum of money due, or to become due, to any pensioner shall be liable to attachment, levy or seizure, by or under any legal or equitable process whatever, whether the same remains with the Pension Office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner, protects the fund only while in the course of transmission to the pensioner; but, when the money has been paid to him, it has enured wholly to his benefit, and is liable to seizure as opportunity presents itself.

This action presents the question of the liability of real estate purchased with pension money, to be taken on execution to satisfy a claim of a creditor. The action is ejectment based on a title derived from a sale under such an execution, and was brought in the Court of Common Pleas of Fayette County, State of Pennsylvania. The case was submitted upon the following statement of facts:

"It is agreed that title to the premises in dispute was in Samuel B. G. Jobes on the 5th day of September, A. D. 1882. That on that date the said Jobes conveyed the same to the defendant, Sarah J. McIntosh, by deed duly executed and delivered,

under which deed she now claims the said property. That Sarah J. McIntosh's husband, —— McIntosh, was a soldier in the volunteer service of the United States, and that after his death the government granted a pension to the said Sarah J. McIntosh, widow as aforesaid, and transmitted to her the money, which she herself received and retained in her own possession for several months, after which the said pension money was paid to said Jobes as the purchase money for the said property by the said Sarah J. McIntosh, defendant. The said property was sold to the plaintiff at sheriff's sale, under regular process of execution, on the 28th day of August, 1897, and a sheriff's deed for the same was acknowledged and delivered to the plaintiff by Fred. S. Chalfant, Esq., high sheriff of Fayette County, Pa., on September 8, 1897.

"That this process was issued on the following judgments, viz: L. T. Claybaugh, for use of R. L. Aubrey, surviving partner of Aubrey & Son *vs.* the said Sarah J. McIntosh, at No. 427, March Term of 1892; judgment of R. L. Aubrey, surviving partner of Aubrey & Son *vs.* J. B. Swogger and Mrs. Sarah J. McIntosh aforesaid, at No. 118, June term, 1896, and judgment of R. L. Aubrey, surviving partner of Aubrey & Son *vs.* Sarah Jane McIntosh aforesaid at No. 278, December term, 1892, of the Common Pleas Court of Fayette County aforesaid.

"That this action of ejectment is brought by the plaintiff to recover the said property from the defendants, under the said deed of the said sheriff to him.

"That the first knowledge of the plaintiff that the said property was purchased with pension money was after the said executions were in the hands of the said sheriff, and had been duly levied upon the said real estate.

"That the said R. L. Aubrey, surviving partner of the said Aubrey & Son, plaintiff in the said judgments and executions, is the plaintiff in this action.

"If under the facts as hereinbefore stated, the court shall be of opinion that the said property was not liable to the said executions and sale, by reason of the same having been bought with pension money, judgment shall be entered upon this case stated, in favor of the defendants.

"But if the court shall be of opinion that the said property was not so exempt, then judgment shall be entered for the plaintiff, with leave to both parties to take exceptions and appeals."

Judgment passed for the plaintiff in the action, defendant in error here, and was affirmed by the Superior Court of the State. From the judgment of the latter court the Supreme Court refused to allow an appeal. This writ of error was then sued out.

*Mr. Edward Campbell* for appellant.

*Mr. A. F. Cooper* and *Mr. J. Q. Van Swearingen* for appellee.

Mr. Justice McKenna delivered the opinion of the court.

The plaintiff in error claims that the property having been purchased with pension money it was exempt from seizure and sale on execution under section 4747 of the Revised Statutes of the United States. The section is as follows: .

"No sum of money due, or to become due, to any pensioner, shall be liable to attachment, levy or seizure, by or under any legal or equitable process whatever, whether the same remains with the Pension Office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner."

The language of the section of itself seems to present no difficulty, and if doubt arises at all it is only on account of the decisions of courts whose opinions are always entitled to respect. *Crow* v. *Brown*, 81 Iowa, 344; *Yates Co. National Bank* v. *Carpenter*, 119 N. Y. 550. But notwithstanding, we think the purpose of Congress is clearly expressed. It is not that pension money shall be exempt from attachment in all of its situations and transmutations. It is only to be exempt in one situation, to wit, when "due or to become due." From that situation the pension money of plaintiff in error had departed.

The simplicity and directness of the statute are impaired by

attempts to explain it by the use of other terms than its own. That money received is not money due; and that real estate is not money at all would seem, if real distinctions be regarded, as obvious enough without explanation. Nor are legal fictions applicable. Undoubtedly the law often regards money as land and land as money, and, through all the forms in which property may be put, will, if possible, trace and establish the original ownership. But these are special instances depending on special principles, and cannot be made a test of the purpose of Congress in enacting section 4747.

We concur, therefore, with the learned judge of the Court of Common Pleas of Pennsylvania, that "the exemption provided by the act protects the fund only while in the course of transmission to the pensioner. When the money has been paid to him it has 'inured wholly to his benefit,' and is liable to seizure as opportunity presents itself. The pensioner, however, may use the money in any manner, for his own benefit and to secure the comfort of his family, free from the attacks of creditors, and his action in so doing will not be a fraud upon them."

*Judgment affirmed.*

MR. JUSTICE SHIRAS, MR. JUSTICE WHITE and MR. JUSTICE PECKHAM dissented.