[No. 7386.   Decided July 18, 1908.]

RITZVILLE HARDWARE COMPANY, *Respondent*, v. W. J.
BENNINGTON *et al.*, *Appellants*.[1]

EXECUTION—EXEMPTIONS—HOMESTEAD — PUBLIC LANDS.  The pro-
ceeds of a Federal homestead are not exempt from execution, under
a claim that the homesteader is the head of a family and intends to
use the proceeds in the acquisition of a new homestead to be owned
and occupied by him under the laws of the state; since Bal. Code,
§§ 5219 and 5247, permitting the sale of a homestead free from liens
and the acquisition of a new homestead with the proceeds applies
only to the state exemptions of a certain value; the Federal exemp-
tion from pre-existing debts being but a condition of the grant, ir-
respective of state exemption laws or value, and not applying to
proceeds of a sale (ROOT, J., dissenting).

Appeal from a judgment of the superior court for Adams
county, Zent, J., entered October 28, 1907, upon findings in
favor of the plaintiff, against a garnishee defendant, after a
trial on the merits before the court without a jury.   Affirmed.

*O. R. Holcomb*, for appellants.
*Adams & Naef*, for respondent.

RUDKIN, J.—The Ritzville Hardware Company brought
an action against D. F. Johnston on a money demand and
sued out a writ of garnishment against one W. J. Benning-
ton.   Both the garnishee and the principal defendant made
answer to the writ, admitting that the garnishee had in his
possession and under his control at the date of the service

[1]Reported in 96 Pac. 826.

of the writ the sum of $1,218.70 belonging to the principal defendant, and averring that the money so held was derived from the sale of a homestead acquired by the principal defendant under the homestead laws of the United States; that the principal defendant intended to use the money so held in the acquisition of a new homestead, to be owned and occupied by him under the laws of the state; that the principal defendant is the head of a family, etc. The cause was heard on the issues thus presented, and from a judgment directing the garnishee to pay over sufficient of the funds in his hands to satisfy the judgment in the principal action, this appeal is prosecuted.

In *Becher v. Shaw*, 44 Wash. 166, 87 Pac. 71, we held that, where a homestead exempt under the laws of the state is sold, the proceeds of the sale are exempt from garnishment for a reasonable time while in transition from the homestead sold to another purchased. This conclusion was based on Bal. Code, §§ 5219 and 5247 (P. C. §§ 5461, 840), which permit of the sale of a homestead free from liens and encumbrances, and the acquisition of a new homestead with the proceeds, which shall likewise be free from execution or attachment. We do not think that this rule can be extended to embrace or include proceeds arising from the sale of a Federal homestead. While § 2296 of the United States Revised Statutes declares that: "No lands acquired under this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issue of the patent therefor," such exemption is not founded upon any state law or state policy. The Federal exemption exists whether the claimant is the head of a family or not, and whether the land is occupied as a home or not; it exists regardless of the value of the homestead, or the value of any other property the claimant may own, and regardless of the fact that the claimant may own and occupy another homestead exempt under state laws, and the exemption only exists as against debts

contracted prior to a certain date. Indeed, the exemption created by the act of Congress has never been looked upon as a homestead exemption at all. It is in the nature of a condition attached to the grant, in virtue of the power of the Federal government relating to the primary disposal of the soil, rather than in virtue of any police power vested in that government. *Jean v. Dee*, 5 Wash. 580, 32 Pac. 460; *Brandhoefer v. Bain*, 45 Neb. 781, 64 N. W. 213; *Duell v. Potter*. 51 Neb. 241, 70 N. W. 932. And the Federal exemption ceases as soon as the land is voluntarily disposed of by the homesteader. It does not extend to the proceeds of the sale. *McIntosh v. Aubrey*, 185 U. S. 122, 22 Sup. Ct. 561, 46 L. Ed. 834; 18 Cyc. 1440.

The funds sought to be garnished were therefore not exempt by virtue of any act of Congress, nor were they exempted expressly or by implication by any law of the state. Such having been the conclusion of the court below, its judgment is affirmed.

FULLERTON, CROW, and DUNBAR, JJ., concur.

ROOT, J., dissents.

HADLEY, C. J., and MOUNT, J., took no part.