Argued April 20, 1933.
The opinion of the Superior Court (107 Pa. Super. 108) by Judge BALDRIGE states the facts, and is as follows:
The question involved in this appeal, as stated by appellant, is: "Are payments, received from the United States Government by a duly appointed guardian of an insane World War veteran, consisting of compensation, insurance, and maintenance and support allowance, payable to the veteran under the Federal World War Veterans' *Page 546 
Act, and invested in mortgages by the guardian for his ward, subject to personal property taxation under the Act of June 17, 1913, P. L. 507, of the State of Pennsylvania?"
The answer to this question depends upon the interpretation of the first part of section 22 of the World War Veterans' Relief Act of June 7, 1924, c. 320, 43 Stat. 613, U.S.C. Compact ed., title 38, section 454, which reads: "The compensation, insurance, and maintenance and support allowance payable under Parts II, III and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation."
Samuel Rezits was a soldier in the late war. Under the World War Veterans' Relief Act, he was entitled to receive certain compensation, insurance, and maintenance and support allowances, provided therein. The appellant, who was appointed guardian of the veterans' estate, received money from the federal government, which he invested in mortgages secured upon real estate located in the City of Philadelphia, against which assessments were made for taxation for the year 1932, under the Act of 1913, supra. The appellant filed his application with the Board of Revision of Taxes to have the mortgages exempted from taxation. The application was refused, and the appeal to the court of common pleas was dismissed; this appeal followed.
The learned court below determined that the word "payable" restricted the exemption to the time elapsing between the dates when the benefit is available or payable and when it is actually received by the veteran or his guardian.
The Act of March 3, 1873, section 33, U.S.C. Compact ed., title 38, section 54, section 4747 of the Revised Statutes of the United States, provides: "No sum of money due, or to become due, to any pensioner shall be liable to attachment, levy, or seizure by or under any *Page 547 
legal or equitable process whatever, whether the same remains with the pension office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner." The Supreme Court, interpreting that statute, held in Rozelle v. Rhodes, 116 Pa. 129, 9 A. 160, that money received from the government by a pensioner of the United States and by him deposited in the hands of a bailee for safekeeping, was subject to an attachment execution, as the money in the bailee's hands was not "money due or to become due"; it was the pensioner's money and he could dispose of it as he pleased. In Aubrey v. McIntosh, 10 Pa. Super. 275, pension money received under the same statute was invested in land in the name of the pensioner, and we held that it was not exempt from the lien of a judgment, as the provisions of that statute did not extend beyond the transmission of money to the pensioner's hands. That case was appealed to the United States Supreme Court, and is reported in 185 U.S. 122, 46 L.Ed. 834. Mr. Justice McKENNA, in affirming this court, said: "The language of the section of itself seems to present no difficulty, and if doubt arises at all it is only on account of the decision of courts whose opinions are always entitled to respect. Crow v. Brown, 81 Iowa 344, 11 L.R.A. 110, 46 N.W. 993; Yates County Nat. Bank v. Carpenter, 119 N.Y. 550, 7 L.R.A. 557, 23 N.E. 1108. But, notwithstanding, we think the purpose of Congress is clearly expressed. It is not that pension money shall be exempt from attachment in all of its situations and transmutations. It is only to be exempt in one situation, to wit, when 'due or to become due.' From that situation the pension money of plaintiff in error had departed." In Pentz v. First Nat. Bank, 75 Pa. Super. 1, we held that pension money deposited in a bank by the pensioner and credited to his general running account and mingled with his other funds is free from restrictions and may be applied by the bank to the payment *Page 548 
of his notes when due, as it is not pension money in the course of transmission.
The only Pennsylvania case cited, which deals with the construction of this section of the World War Veterans' Act, is Southard's Est., 16 Pa. D. C. 751. The Orphans' Court of Philadelphia, for whose opinions we have great respect, there held that a transfer of inheritance tax is properly assessed against the assets of the decedent's estate, representing the unexpended balance of compensation paid to his guardian by the United States for disability resulting from injuries sustained while in military service during the World War, as the exemption of such payments from taxation ceases when the fund reaches the hands of the disabled soldier or his representative.
The Supreme Court of Kansas, in State ex rel. Smith, Atty. Gen., v. Board of Commissioners of Shawnee Co. et al., 294 P. 915, held that the exemption ceases when the fund has been paid to the veteran or his guardian, and is, thereafter, subject to taxation.
The appellant places much reliance on the case of Surace et al. v. Danna et al. (N.Y.), 161 N.E. 315, where money received under the Workmen's Compensation Law and deposited in a trust company by an injured employee was held exempt from seizure. The New York statute provides that compensation or benefits due under this chapter shall not be assigned, released or commuted, except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy of recovery for a debt, which exemption may not be waived. It will be noted, however, that Mr. Justice CARDOZO, then Chief Justice of New York, in delivering the opinion, said: "No doubt there are decisions giving color of support for a narrower construction. They deal with statutes framed on other lines, and animated by a policy less paternal in its aim. Thus McIntosh v. Aubrey, 185 U.S. 122, 22 S.Ct. 561,46 L.Ed. 834, and Kellogg v. Waite, 12 Allen *Page 549 
(Mass.) 529, construe a federal statute which exempts a 'sum of money due, or to become due, to any pensioner.' The statute itself supplies a gloss upon the meaning. The money is to be exempt 'whether the same remains with the pension office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto': R. S., section 4747 (38 USCA, section 54). The implication is not difficult thatthe exemption is to cease when the transit has beenended." (Italics are ours.)
The Georgia and Arkansas Courts have held that exemption from claims of creditors and taxation of money paid by the government continues after the payment has been made to the veteran, notwithstanding it was invested in property. See Rucker, Tax Collector, v. Merck (Supreme Court of Georgia), 159 S.E. 501; Purvis v. Walls (Supreme Court of Arkansas),44 S.W.2d 353.
The exemption provision of this statute is not to be liberally construed, as was done in the Georgia, Arkansas and New York decisions. Under our Pennsylvania authorities, exemption provisions must be strictly construed (Com. v. Sunbeam Water Co., 284 Pa. 180, 130 A. 405), and that is the general rule: State ex rel. Smith, Atty. Gen., v. Board of Comrs. of Shawnee Co. (Kansas), supra; Bank of Commerce v. Tenn., 161 U.S. 134. The evident purpose of Congress was that the veteran could not assign, or his creditors attach, money that was payable or in course of transmission: Fisher's Est.,302 Pa. 516, 153 A. 736. It is, however, exempt from a direct inheritance tax (Wanzel's Est., 295 Pa. 419, 145 A. 512). As a practical matter, it would be difficult, indeed, to earmark and trace money paid by the government, invested from time to time by the pensioner or his guardian in mortgages or real estate, and ascertain if all or part of such investments represent money exempt from taxation. Furthermore, it would result in changing the general rules of construction of state and federal statutes; it would exempt a veteran from the payment of *Page 550 
gasoline or a sales tax, etc., if purchase was made by money received from the federal government under the provisions of this act.
It is unnecessary to indulge in a further discussion, for, in our judgment, this case could be readily disposed of under the decision interpreting the Act of 1873, supra, as it is clear that there is no substantial distinction between the common-sense meaning of the words "money due," used in that act, and "payable," in the World War Veterans' Act.
Order of the learned court below is affirmed.
Appeal to common pleas court dismissed. Plaintiff appealed. Judgment affirmed by Superior Court. Plaintiff appealed.
Error assigned was overruling of assignment of error, quoting record.
The judgment of the Superior Court is affirmed on the opinion of that court by Judge BALDRIGE, affirming the order of the court below.