## TALABA et v AULD et

Ohio Common Pleas, Stark Co

No 72002.   Decided Oct 10, 1935

## OPINION

By FRANK N. SWEITZER, J.

Counsel for plaintiffs, contending for exemption. rely on **Fickel et v Granger, 83 Oh St 101,** involving an alimony award. That case is not applicable, as appears from the reasoning in the opinion, and in the opinion in Romaine v Chauncey et, 129 N. Y. 566, cited by our Supreme Court as authority for Fickel et v Granger, supra.

It is well established that no property is exempt from execution unless a statute

makes it so. The question whether or not, one shall be entitled to the privilege of escaping payment of his debts, is one of policy. This policy is determined by the legislative, and not by the judicial branch of government. The Ohio legislature, like those of other states, has enacted statutes exempting certain property from execution. In these statutes it is recognized that a man's first duty is to those immediately dependent upon him. These statutes to an extent, are calculated to protect debtors and their dependents from becoming destitute, objects of charity and charges on the community and on the State.

Even though counsel for plaintiff, in their brief, concede there is no statute exempting from execution, the money under consideration, that phase of the question will be considered.

With compensation payments in mind, the legislature of Ohio enacted §1465-88 GC, the first sentence of which is:

Compensation before payment shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid only to such employees or their dependents.

This statute constitutes the legislature's determination of the state policy on the subject. By its enactment, did the legislature intend to exempt from execution, money or credits of the nature here under consideration? Does this statute, by reason of the use of the words "before payment" imply that after payment exemption is withheld? Does the statute determine a policy for the period preceding payment, only, raisng no inference or implication of policy for the period following payment?

Title to compensation vests in the employee at the time award is made. 'State ex v The Industrial Commission, 92 Oh St 434. Thus, there is ground to justify the legislature in exempting compensation during the period from the award to the payment, only, if it be disposed so to do. To exempt compensation before payment, only, can not be said to be a useless act.

The question here considered has been before courts of New York and Texas, but due to dissimilarity of statutes these decisions are of little assistance. Suran et v Danna, 248 N. Y. 18; Goddy v First National Bank, 115 Texas 393. Ohio courts and also those of other jurisdictions, have interpreted the Act of Congress relating to exemption of pensions, U. S. R. S. 4747, which is similar in purport to §1465-88 GC. The language of that Act is:

U. S. R. S. 4747: F.C. 8642—Pension not liable to legal process—No sum of money due, or to become due to any pensioner shall be liable to attachment, levy or seizure or under any legal or equitable process whatever, whether the same remains with the Pension Office or any officer or agent thereof, or is in the course of transmission to the person entitled thereto, but shall accrue wholly to the benefit of such pensioner.

In McIntosh v Audrey, 185 U. S. 122, the Supreme Court of the United States held pension money under the above statute not exempt after it is paid to the pensioner. In Fulwiler v Infield, 6 O.C.C. 36; 3 C.D. 338, the court held to the same effect, which decision is affirmed by the Supreme Court of Ohio in Wilson, Guardian v Fulwiler, 52 Oh St 623.

Comparing U. S. R. S. 4747 with §1465-88 GC one is impelled to the conclusion that if under the former, pension money is not exempt after payment, then, under the latter, compensation money is not exempt after payment.

A number of states, among them New York and Texas, have by statute exempted compensation payments from execution, even after payment. In view of the objects and purposes of Workmen's Compensation, this court is inclined to the belief that the legislatures of such states acted wisely. This belief, however, for reasons heretofore given, must not enter into the court's determination of the question presented.

Being of opinion that, in view of 185 U. S. 122, supra, and 52 Oh St 623, supra, the legislature of Ohio, in enacting §1465-88 GC, has not established as the policy of the state, exemption from execution, money or credits of the sort under consideration, and being of opinion also, that a court is without authority to establish a policy, the relief prayed for by plaintiffs is denied, plaintiff's petition dismissed and the restraining order heretofore allowed dissolved, with exceptions to plaintiffs.

Counsel for defendants may furnish an entry in accordance with this opinion.