## Commonwealth v. Guardian Trust Co., Guardian

*J. J. Logan* and *John T. Logan,* for petitioner.

*E. Philip Stair,* of *Schmidt, Keesey, Stair & Kurtz,* contra.

SHERWOOD, J., October 26, 1936.—This matter is before the court on the petition of the Commonwealth of Pennsylvania, averring that Frank E. Deitrich, adjudicated a weak-minded person by the Court of Common Pleas of York County, Pa., with the Guardian Trust Company, of York, Pa., his duly appointed and acting guardian, was duly admitted to the Harrisburg State Hospital, at Harrisburg, Pa., on June 11, 1932, and paroled on September 8, 1934; and that for his care and maintenance by the said hospital, between said dates, he is justly indebted to the Commonwealth of Pennsylvania in the sum of $588.66, together with interest thereon at the rate of six percent per annum from September 7, 1934.

An answer was filed by the Guardian Trust Company, guardian as aforesaid, wherein the allegations contained in the Commonwealth's petition are admitted; but in reply to the said citation the guardian avers, upon information and belief, that the funds in its possession are not subject to the payment of the claim of the Commonwealth of Pennsylvania, for the reason that such funds are the proceeds of group policies of permanent disability insurance, issued by the Prudential Insurance Company of America to the said Frank E. Deitrich; and that Anna J. Deitrich, his wife, the beneficiary named in the said certificate and policies of insurance, is living and resides with her husband, the said Frank E. Deitrich. Wherefore, respondent prays that the citation directed to it be discharged.

The position of respondent is that under the Act of May 17, 1921, P. L. 682, sec. 418, added by the Act of April 26, 1929, P. L. 785, sec. 1, 40 PS §534, and the authority of Baranovich v. Horwatt, 113 Pa. Superior Ct. 467, the proceeds of the policies of group insurance, having been paid to the employe thereunder, to wit, Frank E. Deitrich, are exempt from the claim of the Commonwealth.

The Commonwealth's contention is that the proceeds are not exempt, for two reasons: First, the Act of May

17, 1921, supra, as amended, applies only during the period that the proceeds are in the course of transition to the employe; second, the language of the statute is general, and in its wide and natural sense would divest or take away a right or interest vested in the Commonwealth by the Act of June 1, 1915, P. L. 661, sec. 1, which provides that whenever any person is maintained as an inmate of any hospital, home, sanitarium, or other institution of the Commonwealth, in whole or in part at the expense of the Commonwealth, the property or estate of such person shall be liable for such maintenance to be paid or recovered, as therein provided.

Whether this is the proper procedure is not questioned, as the litigants desire an opinion.

At least as far back as the Act of April 15, 1868, P. L. 103, the statutes of Pennsylvania have safeguarded insurance for the benefit of wife and children of the insured. The last act in this connection appears to be that of June 28, 1923, P. L. 884, 40 PS §517 (see historical note). As to group insurance, the Act of May 17, 1921, supra, as amended by the Act of April 26, 1929, supra, provides:

"No policy of group insurance, nor the proceeds thereof, when paid to any employee or employees thereunder, shall be liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of such employee, or his beneficiary, or any other person, who may have a right thereunder, either before or after payment, nor shall the proceeds thereof, when not made payable to a named beneficiary, constitute a part of the estate of the employee for the payment of his debts."

In Kruczaj v. Komar, 24 D. & C. 211, Fronefield, P. J., held that the proceeds of a group insurance policy payable to the widow of the insured and deposited by her in a savings account were not subject to an attachment under a judgment against the widow. This case sustains the posi-

tion that the proceeds of the group policies paid to respondent are still under the protection of the above act.

In the case of Baranovich v. Horwatt, 113 Pa. Superior Ct. 467, the Superior Court stated the question involved as follows:

" 'Are monies due to the insured under a clause contained in a group life insurance policy providing for the payment of the face amount of the policy to the insured in the event of permanent disability subject to attachment at the instance of the insured's creditors?' "

The court held that under the Act of April 26, 1929, supra, such monies were not subject to attachments. The court said that no distinction could be made between disability payments and a payment made at the death of the insured.

The cases referred to by the Commonwealth are all cases in which the word "payable" or "to be paid" restrict the exemption to the time elapsing between the dates when the benefit is available or payable and when it is actually received by the veteran or his guardian. See these cases in Saxe v. Board of Revision of Taxes, etc., 107 Pa. Superior Ct. 108. The Act of April 26, 1929, provides specifically:

". . . nor the proceeds thereof, when paid to any employee . . . shall be liable to attachment, garnishment or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of such employee".

This language indicates conclusively to our mind that the exemption does apply after actual receipt by the employee. It follows that the Commonwealth's first contention falls.

The second contention raises a more serious question. In the case of Baker et al. v. Kirschnek et al., 317 Pa. 225, the Supreme Court affirmed the opinion of President Judge Fronefield, wherein he said:

" 'Words of a statute applying to private rights do not affect those of the state. This principle is well established

and is indispensable to the security of the public rights. The general business of the legislative powers is to establish laws for individuals, not for the sovereign: and when the rights of the Commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied.' See County of Erie v. City of Erie, 113 Pa. 360.

"Endlich on the Interpretation of Statutes, section 161, states: 'On probably similar ground rests the rule commonly stated in the form that the crown is not bound by a statute unless named in it. It has been said that the law is prima facie presumed to be made for subjects only: that the general business of the legislative powers is to establish laws for individuals, not for the sovereign. At all events, the crown is not reached except by express words, or by necessary implication, in any case where it would be ousted of an existing prerogative or interest. It is presumed that the legislature does not intend to deprive the crown of any prerogative right or property unless it expresses its intention to do so in explicit terms or makes the inference irresistible. Where, therefore, the language of the statute is general and in its wide and natural sense would divest or take away any prerogative or right, title or interest from the crown it is construed so as to exclude that effect': Pittsburgh v. Subdistrict School, 204 Pa. 635."

The language of the Act of May 17, 1921, supra, as amended, is general, and in its wide and natural sense would divest or take away the right to secure from the property or estate of such person payment for his maintenance as an inmate of a hospital at the expense of the Commonwealth. In the absence of explicit terms and inferences making irresistible that conclusion, the presumption follows that the legislature did not intend to deprive the Commonwealth of this right conferred by the Act of June 1, 1915, supra. It follows that moneys in the hands of the guardian of Frank E. Deitrich, a weak-minded person, even though they are the proceeds of permanent dis-

ability policies, are liable for the payment of the maintenance of the weak-minded person in the Harrisburg State Hospital. The amount not being in dispute, it follows that the citation heretofore issued should be made absolute and judgment entered in favor of the Commonwealth and against the Guardian Trust Company, guardian of Frank E. Deitrich, a weak-minded person, in the sum of $588.66, with interest at the rate of six percent from September 7, 1934.

And now, to wit, October 26, 1936, it is ordered, adjudged and decreed that the citation heretofore issued at the instance of the Commonwealth of Pennsylvania, on March 18, 1936, is made absolute, and judgment is entered in favor of the Commonwealth of Pennsylvania and against the Guardian Trust Company, of York, Pa., guardian of Frank E. Deitrich, a weak-minded person, in the sum of $588.66, with interest at the rate of six percent per annum from September 7, 1934, and costs of these proceedings; and an exception is granted to the Guardian Trust Company, of York, Pa., guardian of Frank E. Deitrich, a weak-minded person as aforesaid, to the action of the court in this regard.