## Provident Trust Co. of Phila. v. Gordon, etc.

*MacCoy, Brittain, Evans & Lewis*, for plaintiff.
*Robert B. Simons*, for defendant.
*Barnes, Myers & Price*, for garnishee.

SLOANE, J., March 13, 1941.—Plaintiff entered judgment against defendant on a bond accompanying a mortgage, and issued an attachment execution summoning Girard Trust Company as garnishee. After defendant's rule to dissolve the attachment was discharged, the case came on for trial without a jury. Since the facts are admitted as stated in the garnishee's answer to the interrogatories, we have before us only a question of law.

Defendant maintains a deposit account with the garnishee in her own name. At the time of the attachment,

the balance in the account in her favor was $694.97. Of this amount, $300 is claimed by defendant as a debtor's exemption. The validity of this exemption is not disputed. The remainder of the sum on deposit, defendant contends, is not subject to attachment by virtue of its source—income of a spendthrift trust. The garnishee (along with defendant and her son) is a trustee of a spendthrift trust created by defendant's deceased husband. Defendant as life tenant is entitled to the income therefrom.

As stated in the garnishee's answer, "under instructions given by her [defendant] to said trustees in October 1931, as modified in August 1933, the income payable to her under said agreement has been credited to her said deposit account in the sum of $350 on the 24th of each month, with the overplus of income credited to her said deposit account annually on December 24th. On December 26, 1940, said trustees credited to the deposit account of Rose Gordon income collected by them under said agreement in the sum of $567.58, and at the time of the service of the writ the balance due Rose Gordon in her said deposit account with Girard Trust Company was $694.97, which balance remains unchanged at the present time."

Plaintiff concedes that the income of the spendthrift trust is not clenched by the attachment but contends that the balance in the deposit account must be considered as having been paid to defendant-beneficiary, and therefore is no longer income within the meaning of the trust instrument. Defendant admits that income from the trust actually paid to the beneficiary would not be immune from attachment but contends that the amount credited to defendant's account cannot be considered as a payment to defendant because the funds still remain in the hands of the garnishee, one of the trustees.

Plaintiff's position is the logical one. "The essence of the spendthrift trust lies in the inalienability of income to accrue in the future. The restraint, however, does not stop with future income, for the cases generally agree in holding that income which has been received by the trus-

tee, but which has not been paid to the beneficiary, is exempt from the claims of the creditors of the beneficiary. . . . When the income has been paid into the hands of the beneficiary, it becomes his unqualified property without being subject to any restraints. It may then be transferred by him, and likewise may be reached by his creditors": Griswold, Spendthrift Trusts (1936), §§369, 370. It is clear that if the fund were paid to defendant and she deposited it in another bank it would no longer be immune from attachment by defendant's creditors. Likewise, if defendant upon receiving the fund deposited it in her account with the present garnishee, it follows that the fund would be attachable by her creditors. As to the deposit account, she is no longer dealing with the garnishee as a trustee, but as a debtor. The mere fact that the parties shortened the process and arranged to have the garnishee credit defendant's account directly with the income as it accrued, instead of first paying it to her, is not a significant difference. Nor is there any significance in the identity of the bank. Her relationship to the garnishee was immediately changed by that book entry. As to the amount credited, she no longer could charge the garnishee with the responsibility of a trustee nor could she claim the privileges of a beneficiary. The income of the trust was exchanged for the debt of the bank. Though the fund remained in the hands of the garnishee, it no longer retained its fiduciary character. By the transfer, complete control of the use of the money was vested in the beneficiary. Defendant, when the credit reached her personal account, had the power to alienate the fund for any purpose, by the simple process of drawing on her account, by writing a check, as she could do with any other funds deposited to her general credit with the garnishee, or with any other bank. While there was no evidence that other moneys in defendant's checking account were mingled with the funds received from the trust, there was no proof that the account was earmarked for trust moneys only. Consequently, the direction of defendant to the gar-

nishee to credit her account with the accruals of income must be considered as a valid authorization of such credit, and such credit must be regarded as a valid payment to her of that income, thus freeing the fund of the exemption provided in the spendthrift clause.

"Even in a spendthrift trust the beneficiary has full ownership and control of the installments of income *after* they respectively accrue, and, therefore, after such accrual, the beneficiary may give directions to the trustee to pay such installments to her nominee or assignee. When the beneficiary makes an assignment of *future* income and directs the trustee to pay such income to the assignee, such an assignment, in the case of spendthrift trusts, is invalid in the sense that it can be revoked at any time by the beneficiary, but, unless and until so repudiated, it constitutes a valid authority to the trustee to make payments of the successively accruing installments of income to the assignee. The direction to the trustee to pay to the assignee is enforceable only as to each installment after it accrues, and then only if the direction has not previously been rescinded": Keeler's Estate, 334 Pa. 225, 231 (1939).

The analogy of the present situation to the question of exemption from attachment of pensions received by veterans from the United States, although not perfect, is helpful. In such cases, it has been held that "Under such circumstances, we are of opinion that the pension money had been transmitted to and received by the pensioner and had inured to his benefit within the meaning of the act of Congress, and that the balance thus remaining to his credit in the general account, made up of moneys received from many sources and no longer possible of being identified or earmarked was his property in the ordinary sense of the word, free from restrictions, and stood on the same footing as any other money belonging to him and could be applied by the bank to the payment of his notes when due": Pentz v. First National Bank, 75 Pa. Superior Ct. 1, 7 (1920). See also for analogy Saxe v.

192

Board of Revision of. Taxes, 107 Pa. Superior Ct. 108 (1932), affirmed by the Supreme Court on Judge Baldrige's opinion, 311 Pa. 545 (1933); Wartella v. Osick, 108 Pa. Superior Ct. 589 (1933); Stein's Case, 118 Pa. Superior Ct. 549 (1935), affirmed by the United States Supreme Court (Hines v. Stein, 298 U. S. 94 (1936). Although the decisions depended for the most part upon a construction of the language of the applicable statute, the reasoning in those cases has relevancy in this case.

Were we to sustain defendant's position, we would furnish an escape to improper dealing, for a beneficiary in a similar situation could freely and indiscriminately alienate moneys on deposit without fear of attachment by creditors as long as the fund was kept on deposit with the same institution acting as trustee under a spendthrift trust.

In view of our conclusion on the legal question involved herein, we now find for plaintiff against the garnishee in the amount of $394.97, less a garnishee's attorney's fee of $25.

The prothonotary shall forthwith give notice hereof to all parties or their attorneys.