**ELL, a Lunatic, In Re**

**ELL, Guardian, Appellant, v RAPPOPORT, Trustee, Appellee.**

Ohio Appeals, 1st District, Hamilton County.

No. 6244. Decided March 29, 1943.

H. P. Karch, Cincinnati, for appellant.
J. E. Rappoport, Cincinnati, for appellee.

## OPINION

By HILDEBRANT, J.

George C. Ell, by Minnie Ell. his Guardian, filed a voluntary petition in bankruptcy in the District Court of the United States, Southern District of Ohio. Western Division, numbered on the docket of that Court No. 16208 In Bankruptcy, and was adjudicated a bankrupt on October 3, 1941. On November 7, 1941, Milton J. Rappoport was appointed and later qualified as Trustee in Bankruptcy and under the bankruptcy act was vested with title to all property and assets belonging to said bankrupt.

Included in the assets of said bankrupt estate were moneys in amount of $484.10, on deposit in the Guardian's account in a Cincinnati bank. Said deposit was an accumulation of moneys paid by the Police Pension Fund of the city of Cincinnati to the bankrupt through his guardian, absolutely and without retention of any control by the trustees of said pension fund and had passed through and completed its course of transmission to said bankrupt.

On the guardian's claim that said pension money was exempt from the operation of the bankruptcy law, the District Court, upholding the Referee in Bankruptcy, ordered the trustee in bankruptcy to petition the Probate Court of Hamilton County, Ohio to determine the issue of whether or not said bank deposit is exempt to the bankrupt from claims of his creditors.

The Probate Court found said bank deposit not exempt from claims of creditors and ordered the guardian to pay the same over to the Trustee in Bankruptcy and this judgment on appeal to the Court cf Common Pleas of Hamilton county, Ohio, was there affirmed and comes into this court on appeal on questions of law from the judgment of the Court of Common Pleas, affirming the judgment of the Probate Court, as above stated.

The above facts are undisputed and appear from the record and by way of stipulation.

The claim of the guardian that the deposit was exempt from claims of her ward's creditors is based on §4628-2, GC, which provides as follows:

"No sum of money due, or to become due, to any pensioner shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the same remains with the treasurer of the pension fund or any officer or agent of the board of trustees, or is in the course of transmission to the pensioner en-

titled thereto, but shall inure wholly to the benefit of such pensioner." Effective 5/26/37.

We find no Ohio cases construing this section, but wish to note Section 4747, Revised Statutes of the United States, which is identical in language, except to reference to the different boards or officers, which reads as follows:

"No sum of money due, or to become due, to any pensioner, shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the same remains with the pension office, or any officer or agent thereof, or is in the course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner."

We, therefore, look to the decided cases arising under the Federal Statute for a determination of this question.

The leading case appears to be McIntosh v Aubrey, 185 U. S., 122; 46 L. Ed.: wherein Justice McKenna, at p. 125 says, quoting from the opinion of the trial judge:

" 'the exemption provided by the act protects the fund only while in the course of transmission to the pensioner. When the money has been paid to him, it has 'inured wholly to his benefit' and it is liable to seizure as opportunity presents itself.' "

The fourth paragraph of the syllabus in the case of In re Stout, 109 Fed., 794, is:

"Rev. St. 4747, which exempts money 'due or to become due' to any pensioner from seizure on legal process against him, applies to such money only until its payment to the pensioner, and does not exempt property from seizure because purchased with pension money."

Other cases holding a pension not exempt as being "in course of transmission" when deposited in a bank are: Jardain v Fairton Assoc., 44 N. J. L., 376; Martin v Hurlburt, 60 Vt., 364; Crasy v White, 27 Kan., 319.

In **31 O. Jur., at page 264**, it is stated:

"A pension is a gratuity and therefore cannot be levied upon to pay debts of the pensioner until it has come into the pensioner's hands." Citing **Fulwiler v Infield's Guardian, 6 O. C. C. 36 (3 O. C. D., 338),** affirmed without opinion in 52 **Oh St 623,** 44 N. E., 1140

Attention is therein called as is also done by Justice McKenna in the case of McIntosh v Aubry, 185 U. S., 122, that the statute de-

scribes the moneys to be exempt, viz.: "moneys due or to become due" and provides the exemption "whether the same remains with the pension office or any agent thereof, or is in the course of transmission to the pensioner entitled thereto." Had the Ohio statute been before the court, would not the pronouncement be the same except for substituting the words—"the treasurer of the pension fund or any officer or agent of the Board of Trustees?"

Title 38, U. S. C. A., Section 454A reads in part:

"Payments * * * shall be exempt from claims of creditors and shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever, either before of after receipt by the beneficiary, * * *"

The statute was amended to change the Federal policy and this court feels it would take an act of the legislature to do the same in Ohio.

The only language of the statute upon which to base a claim of exemption is the phrase, "but shall inure wholly to the benefit of such pensioner." In only three states do we find decisions holding in favor of an exemption based upon that phrase, and then based upon a policy of liberal construction, contrary to most other states, or coupled with a state statute, and the overwhelming weight of authority seems to be that once in the hands of the pensioner, the money has inured wholly to his benefit.

The judgment is affirmed.

ROSS, P. J., and MATTHEWS, J., concur.