CUNNINGHAM DAVISON BEEBY ROGERS & ALWARD v HERR

Docket No. 141670. Submitted January 5, 1993, at Grand Rapids. Decided February 16, 1993, at 9:35 A.M.

The law firm of Cunningham Davison Beeby Rogers & Alward, a judgment creditor of Anne Marie Herr, brought a garnishment action in the Grand Traverse Circuit Court against Herr, Old Kent Bank & Trust Company, and others. The plaintiff sought execution against an anticipated distribution to Herr by Old Kent, pursuant to the terms of a judgment of divorce, of monies in employee pension plans of which Old Kent was the trustee and Herr was the alternate payee. The court, Philip E. Rodgers, Jr., J., granted summary disposition for the defendants, ruling that the distribution was exempt from garnishment, and allowed Herr to roll over the funds into an individual retirement account. The plaintiff appealed.

The Court of Appeals *held:*

1. Herr's right under the Employee Retirement Income Security Act to receive employee pension plan monies as an alternate payee, 29 USC 1056(d)(3)(B)(i)(I), is not subject to state regulation, 29 USC 1144(a), including execution to satisfy a judgment. As long as the money remains in the plans, it is subject to ERISA's prohibition against assignment and alienation.

2. Funds in an individual retirement account are exempt from execution, MCL 600.6023(k); MSA 27A.6023(k).

Affirmed.

*Cunningham, Davison, Beeby, Rogers & Alward* (by *William M. Davison*), for the plaintiff.

Before: SAWYER, P.J., and HOOD and JANSEN, JJ.

PER CURIAM. This is an action to collect legal fees. Plaintiff, Cunningham Davison Beeby Rogers & Alward, appeals as of right from the trial court's order granting summary disposition to the garnishee defendants and from the order allowing

the principal defendant, Anne Marie Herr, to transfer certain funds to an individual retirement account (IRA). We affirm.[1]

Plaintiff law firm represented Ms. Herr in her divorce from Mr. Herr. In that action, a qualified domestic relations order (QDRO)[2] was entered. Under the order, Ms. Herr was entitled to receive distributions from two employee pension benefit plans,[3] which are named as garnishee defendants in this case, "on or before" certain dates. Ms. Herr received three of the four scheduled distributions, but nevertheless defaulted on her obligation to pay plaintiff for the legal services provided.

Plaintiff sued and obtained a judgment against Ms. Herr. It then tried to execute that judgment by proceeding against the trustee of the two pension plans, garnishee defendant Old Kent Bank & Trust Company, and against the two plans themselves. The trial court held that Ms. Herr's remaining interest in the two plans was exempt from garnishment and further allowed her to roll over the money into an IRA. Under Michigan law, IRAS are also exempt from execution. See MCL 600.6023(k); MSA 27A.6023(k).

As a general rule, all property is subject to execution to satisfy a judgment. MCL 600.6104(3); MSA 27A.6104(3). There are many exceptions, however. See MCL 600.6023; MSA 27A.6023. Specifically, an "interest . . . in a pension, profit-sharing, stock bonus, or other plan that is qualified under section 401 of the internal revenue code, or

[1] We note that there is an indication in the file that defendant Anne Marie Herr has filed for bankruptcy. However, no motion for a stay of proceedings has been filed as required by MCR 7.211. We therefore proceed to decide this case.

[2] A QDRO is defined in 29 USC 1056(d)(3). The parties apparently agree that the order entered in this case meets that definition.

[3] An employee pension benefit plan is defined in 29 USC 1002(2)(A). The parties apparently agree that the plans at issue meet that definition.

an annuity contract under section 403(b) of the internal revenue code, which plan or annuity is subject to the employee retirement income security act" (ERISA), 29 USC 1001 *et seq.,* is generally exempt from execution.[4] MCL 600.6023(l); MSA 27A.6023(l); see also 29 USC 1056(d)(1). However, an interest in a qualified plan or an annuity *can* be reached by "[a]n order of a court pursuant to a judgment of divorce or separate maintenance . . . . [or by a]n order . . . concerning child support," as long as the order meets the requirements of a QDRO. MCL 600.6023(1)(l)(i) and (ii); MSA 27A.6023(1)(l)(i) and (ii); see also 29 USC 1056(d)(3) (A). Thus, although the husband's interest in the two plans was properly reached by a QDRO in the context of an action for divorce, the trial court properly ruled that the interest obtained by Ms. Herr in those same plans could not be reached in the context of an action to collect legal fees.

We note for the sake of clarification that, normally, all state regulation of ERISA funds is preempted by federal law. 29 USC 1144(a). However, QDROS are not subject to ERISA's preemption provisions. 29 USC 1144(b)(7). In other words, states *can* regulate QDROS. Additionally, as a general rule, benefits provided under ERISA plans are not assignable or alienable. See 29 USC 1056(d)(1). However, such benefits are assignable and alienable pursuant to a QDRO. 29 USC 1056(d)(3)(A).

Plaintiff first argues that Ms. Herr's money lost its "retirement" character once it was segregated from Mr. Herr's money and made available to Ms. Herr for immediate withdrawal on demand. This argument is unsupported.

We note that Ms. Herr's right to receive plan monies as an alternate payee was created by the

---

[4] The parties do not contest whether the two plans have been properly qualified under the Internal Revenue Code.

ERISA itself. See 29 USC 1056(d)(3)(B)(i)(I). There-
fore, it may not be regulated by state law. 29 USC
1144(a). Further, as long as the money remains in
the plans, it is subject to the ERISA and its provi-
sions governing the management of plan monies.
See 29 USC 1001 *et seq.* Those provisions require
that the plan document include the prohibition
against assignments and alienation. 29 USC
1056(d)(1).

Plaintiff also argues that, once the monies are
withdrawn by Ms. Herr, they are subject to execu-
tion. We do not decide this issue.

It is generally true, as noted by plaintiff, that
pension money loses its exempt character once it
passes into the hands of the beneficiary. See, e.g.,
*McIntosh v Aubrey,* 185 US 122; 22 S Ct 561; 46 L
Ed 834 (1902); *In re Prestien,* 427 F Supp 1003,
1007-1008 (SD Fla, 1977). In this case, however,
the money was not distributed to Ms. Herr. It was,
instead, transferred directly into an IRA. We there-
fore decline to decide this issue. Further, we note
that plaintiff does not contend that the trial court
abused its discretion in allowing Ms. Herr to roll
over the money rather than forcing her to receive
the last scheduled distribution under court super-
vision.

We conclude that the trial court correctly held
that Ms. Herr's remaining interest in the plans
was exempt from execution. Concerns about the
wisdom of this rule should be directed to Congress
rather than to this Court.

Affirmed.