# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of COATS.

---

JOHN YUN, Personal Representative of the
ESTATE OF VERSA COATS,

        Petitioner-Appellee,

v

DION JOHNSON,

        Respondent-Appellant,

and

MONTE PORTER and SEAN JOHNSON,

        Miscellaneous Intervenors.

UNPUBLISHED
July 20, 2017

No.  331995
Oakland Probate Court
LC No.  2015-362297-DA

---

Before:  STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Respondent in pro per, appeals by right the probate court order finding that the proceeds of an annuity to which he was the named beneficiary was the property of the estate of decedent pursuant to MCL 700.2110 and were not exempt from levy under MCL 600.6023.  We affirm.

## I.  BACKGROUND

The decedent, Versa Coats, died intestate[1] on March 13, 2015.[2]  She was survived by three adult children: 1) Monte Dwayne Porter, 2) the respondent Dion Andre Johnson and 3)

---

[1] Decedent's estate was opened as an intestate proceeding.  Attorney Jerome Weinstein later found a Last Will and Testament in his files.  The Will was executed on April 27, 1994.  John Yun petitioned the court to admit the Will.  After the probate court found that the Will met the requirements of a valid Will, it was admitted.

Sean Kenyatta Johnson.[3] On March 24, 2015, Sean petitioned the probate court for supervised administration of the estate and for the appointment of Attorney Jerome Weinstein as personal representative. Sean also requested the appointment of a special personal representative to handle funeral arrangements and that the court issue a temporary restraining order to prevent the distribution of proceeds from an annuity to respondent because the estate had a judgment against him.

The judgment referred to in the petition arose from the respondent's terminated appointment as the decedent's guardian and conservator. Respondent was discharged as the decedent's guardian and conservator when claims were made that he misappropriated decedent's funds. Weinstein was then appointed conservator of decedent's estate. On June 21, 2012, a judgment in the amount of $225,882.27 was entered against respondent for breach of his fiduciary duties and fraud in favor of decedent's estate. The judgment was never appealed.

On March 30, 2015, the probate court granted the Petition for Probate and/or Appointment of Personal Representative. The court issued a temporary restraining order the same day temporarily restraining and enjoining ING from distributing any proceeds to any annuity policy that originated with decedent to respondent. On April 15, 2015, the court ordered Weinstein released as special personal representative and appointed John Yun as personal representative of the estate. Mark Snitchler was appointed as receiver "to effectuate the securing of the annuity asset pending further order of the court." Snitchler sent copies of the court's prior orders, including the temporary restraining order to VOYA Financial. ReliaStar Life Insurance Company (ReliaStar) responded to receipt of the orders sent to VOYA Financial. On July 31, 2015, ReliaStar filed a motion in the probate court to intervene in the administration of the estate and for the annuity proceeds to be deposited with the court. ReliaStar's motion was granted on August 19, 2015.

The parties appeared for a hearing on December 14, 2015, to discuss the distribution of the ReliaStar annuity. The court decided that it would allow the parties to brief the issue of the applicability of MCL 600.6023(k) to the distribution of the ReliaStar annuity. Respondent argued that the proceeds of the ReliaStar annuity were exempt from creditor claims under the terms of the policy and that MCL 600.6023(1)(k) prevented the annuity proceeds from being levied or sold under execution. Yun argued that MCL 600.6023(1)(f) did not apply to decedent's annuity because the statute involved monies paid out on the account of a disability, which was not the issue here. On February 23, 2016, the probate court ordered:

> 1. The Versa Coats ReliaStar Annuity Proceeds are not exempt pursuant to MCL 600.6023;

---

[2] Certificate of Death, March 23, 2015; Petition for Probate and/or Appointment of Personal Representative Intestate, March 24, 2015.

[3] Testimony to Identify Heirs, April 6, 2015.

2. The record of both this case and the record of the conservatorship proceeding, 2006-303, 365-CA does not support the application of MCL 700.2802[4] and MCL 700.2803[5].

3. MCL 700.2110 shall control distributions of the intestate portion of the estate. [Order, February 23, 2016; Appellee Brief on Appeal, Exhibit C].

Respondent appeals from this order.[6]

## II. STANDARD OF REVIEW

This Court reviews de novo the interpretation and application of a statute as a question of law. *Miller v Mercy Mem Hosp Corp*, 466 Mich 196, 201; 644 NW2d 730 (2002). When interpreting a statute, "[w]e first review the language of the statute itself. If it is clear, no further analysis is necessary or allowed to expand what the Legislature clearly intended to cover." *Id*. "However, when a statute is ambiguous on its face and reasonable minds can differ with respect to its meaning, judicial construction is necessary to determine the intent of the Legislature." *Kinder Morgan Michigan, LLC v City of Jackson*, 277 Mich App 159, 163-164; 744 NW2d 184 (2007). "Terms used in a statute must be given their plain and ordinary meaning, and it is appropriate to consult a dictionary for definitions." *Id.* at 163.

---

[4] MCL 700.2802 provides definitions for § § 700.2803 and 700.2804.

[5] MCL 700.2803 provides that "[a]n individual who . . . is convicted of committing abuse, neglect, or exploitation with respect to the decedent forfeits all benefits under this article with respect to the decedent's estate . . ." It is also known as Michigan's Slayer Statute. *In re Nale Estate*, 290 Mich App 704, 705; 803 NW2d 907 (2010).

[6] Petitioner challenges this Court's jurisdiction in the statement of jurisdiction. Petitioner, who mistakenly identifies himself as appellant, argues this Court does not have jurisdiction to hear this appeal as of right under MCL 5.801(B)(1) or (2) because no civil action was commenced in probate court. Respondent, proceeding in pro per on appeal and using a Court brief template, checked MCR 7.203(A) as a basis for this Court's jurisdiction where the only other two selections were MCR 7.205(A) and (G). See *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 353; 833 NW2d 384 (2013) quoting MCR 7.203(A)(2) ("With respect to probate cases, this Court has jurisdiction of an appeal of right from '[a] judgment or order ... from which appeal of right to the Court of Appeals has been established by law or court rule.' "). Further, this Court holds the pleadings of pro se litigants to "less stringent standards" than those drafted by attorneys. *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972). Upon review, the probate court's February 23, 2016 order, providing "MCL 700.2110 shall control distributions of the intestate portion of the estate," is an order appealable by right under MCR 5.801(B)(2)(n) as "a final order affecting the rights or interests of an interested person in a proceeding involving a decedent estate, . . . determining heirs, devisees, or beneficiaries." Because the order also stated the "ReliaStar Annuity Proceeds are not exempt pursuant to MCL 600.6023," the order was one allowing a claim under MCR 5.801(B)(2)(i).

-3-

We review the probate court's factual findings for clear error. *In re Jajuga Estate*, 312 Mich App 706, 711; 881 NW2d 487 (2015). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003).

III. ANALYSIS

A. MCL 600.6023

Respondent argues that the trial court erred in its determination that decedent's ReliaStar Annuity proceeds were not exempt from levy under MCL 600.6023. We disagree.

"As a general rule, all property is subject to execution to satisfy a judgment" *Cunningham, Davison, Beeby, Rogers & Alward v Herr*, 198 Mich App 258, 259; 497 NW2d 575 (1993), absent an exception otherwise. MCL 600.6023(1)(k) provides an exception in the following circumstance:

(1) The following property of a judgment debtor and the judgment debtor's dependents is exempt from levy and sale under an execution:

* * *

(k) The right or interest of a person in . . . an annuity contract under section 403(b) of the internal revenue code of 1986, 26 USC 403, if the plan or annuity is subject to the employee retirement income security act of 1974, Public Law 93-406, 88 Stat. 829. . . . This exemption does not apply to the right or interest of a person in a pension, profit-sharing, stock bonus, or other qualified plan or a 403(b) annuity to the extent that the right or interest in the plan or annuity is subject to either of the following:

(*i*) An order of a court pursuant to a judgment of divorce or separate maintenance.

(*ii*) An order of a court concerning child support.

Respondent's compliance with MCL 600.6023(1)(k) is largely undisputed.[7]

Neither party disputes that respondent was a judgment debtor to the estate. "Chapter 60 of the Revised Judicature Act, M.C.L. § 600.6001 *et seq.*, regulates the involuntary payment of judgments." *Hinkle v Wayne Co Clerk*, 467 Mich 337, 342 n 7; 654 NW2d 315 (2002). The Act does not define "judgment debtor" however, Black's Law Dictionary (9th Ed) provides that it is a

---

[7] Respondent also relies on paragraph 7(E) in the annuity policy to argue that the annuity proceeds were exempt from levy. We have not addressed the policy language because a determination of the issue requires a review of the annuity policy and the policy was not provided to the Court. MCL 7.212(C)(7). The probate court also did not make a ruling based on the policy's language.

"person against whom a money judgment has been entered but not yet satisfied." The default judgment of $225,882.27 was pursued by decedent's conservator and entered against respondent during decedent's lifetime and was not yet satisfied at the time of decedent's death.

Neither does either party dispute that respondent was the designated beneficiary of the ReliaStar annuity at the time of decedent's death.[8] Petitioner argues instead that the interpleader action interrupted the transfer of the annuity from decedent to respondent. In general,

> [a]n 'annuity' is the right to receive fixed, periodic payments, either for life or for term of years, or a fixed sum payable to a person at specified intervals for specific period of time or for life. It is an agreement to make periodical payments for a fixed period or to make or continue a series of payment amounts for the lifetime of the person receiving the annuity or a named beneficiary. Payment does not depend on the occurrence of some future contingent event. [3B CJS, Annuities, § 1, p 629].

"[T]he general rule [is] that the right to an annuity vests absolutely in a primary beneficiary who survives the annuitant." 4 Am Jur 2d Annuities § 4. As named beneficiary, respondent's rights to the annuity proceeds vested and therefore became respondent's property upon decedent's death. ReliaStar's interpleader action did not deprive respondent of an interest or right in the annuity contract, nor did it interrupt the transfer of the annuity proceeds to respondent.

Further undisputed is that the annuity at issue was "an annuity contract under section 403(b) of the internal revenue code of 1986, 26 USC 403." MCL 600.6023(1)(k). Although this Court is without the benefit of the entire annuity contract, the Policy Data Page provided shows that the annuity issued by North Life Insurance Company on November 1, 1994, was an Individual Deferred Tax Sheltered annuity policy. Further, that at the time of issuance, decedent was a public school employee. An annuity contract under section 403(b) includes an "annuity purchased by section 501(c)(3) organization or public school . . . for an employee . . . who performs services for an educational organization described in section 170(b)(1)(A)(ii)."[9]

When MCL 600.6023(1)(k) is applied to the facts of this case, the conclusion is that the ReliaStar annuity proceeds were exempt from levy because respondent was a judgment debtor

---

[8] " 'Beneficiary designation' means the naming in a governing instrument of a beneficiary of an insurance or annuity policy, of an account with POD designation, of a security registered in beneficiary form (TOD), of a pension, profit-sharing, retirement, or similar benefit plan, or of another nonprobate transfer at death." MCL 700.1103(e); See also MLC 700.1103(d)(*iii*) (" 'Beneficiary' includes, but is not limited to, the following: . . . (*iii*) In relation to a beneficiary of a beneficiary designation, a person that is a beneficiary of an insurance or annuity policy, of an account with POD designation, of a security registered in beneficiary form (TOD), of a pension, profit-sharing, retirement, or similar benefit plan, or of another nonprobate transfer at death.").

[9] Section 170(b)(1)(A)(ii) states, "an educational organization which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on[.]"

with a right or interest in an annuity contract issued under section 403(b) of the internal revenue code. The statute cites two instances under which the exemption would not apply, neither of which is implicated here: 1) "An order of a court pursuant to a judgment of divorce or separate maintenance," and 2) "An order of a court concerning child support." MCL 600.6023(1)(k)(*i*)-(*ii*).

Even so, respondent is not entitled to claim the exemption because exemptions do not apply in cases where misappropriation occurs. See *Long v Earle*, 277 Mich. 505, 517-521; 269 NW 577 (1936) quoting *Newlove v Callaghan*, 86 Mich 297, 300-301; 48 NW 1096 (1891) ("It would be a gross injustice to permit debtors to apply moneys which should be applied to the payment of their debts to the creation of an estate which would be beyond the reach of their creditors."). Throughout this case, the probate court was fully cognizant of the related conservatorship proceeding, even noting it in its February 2016 order as "2006-303, 365-CA", and the finding in that proceeding that respondent breached his fiduciary duty to decedent for having misappropriated decedent's estate funds during decedent's lifetime. The funds misappropriated included the annuity payments decedent received during her lifetime.[10] The default judgment against respondent was directly related to respondent's misappropriation. Further, respondent has never appealed the judgment.

MCL 600.6104 provides

After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:

(1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;

(2) Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;

(3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;

(4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and

(5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

---

[10] According to a June 20, 2014 statement from ING, payments from the annuity since the annuity's inception were $109,159.96; withdrawals since inception were $105,318.49.

The court may permit the proceedings under this chapter to be taken although execution may not issue and other proceedings may not be taken for the enforcement of the judgment. It is not necessary that execution be returned unsatisfied before proceedings under this chapter are commenced.

The probate court appointed a receiver to determine the value and existence of the annuity proceeds, to prevent their liquidation, and marshal the amount for the benefit of the estate. MCL 600.6104(1), (2), and (4). MCL 600.6104(3) authorizes the court to "[o]rder the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution." Respondent's misappropriation of estate funds removed the annuity from the exemption protections of MCL 600.6023(1)(k). Thus, the probate court correctly determined that the ReliaStar annuity proceeds were not exempt from levy under MCL 600.6023 and were available to be applied toward satisfaction of the debt respondent owed the estate.

## B. MCL 700.2110

Respondent argues that the probate court erred in ordering that the intestate portion of decedent's estate be distributed according to MCL 700.2110. Again, we disagree.

MCL 700.2110 provides

A debt owed to a decedent is not charged against the intestate share of any individual except the debtor. If the debtor fails to survive the decedent, the debt is not taken into account in computing the intestate share of the debtor's descendants.

MCL 700.2110 is located in Article II, Part 1 of the Estate and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.* Article II concerns Intestacy, Wills, and Donative Transfers. Part 1, in particular, concerns intestate succession. "Intestate succession" is "[t]he method used to distribute property owned by a person who dies without a valid will." Black's Law Dictionary (9th Ed).[11] In this case, decedent had a Will, but it did not address all of the decedent's assets. At the December 2015 petition hearing, the probate court decided that the distribution of decedent's estate would be by partial intestacy. Items specifically provided for in the Will, for example decedent's jewelry, would be distributed testate. The court allowed the parties to brief how other assets, including the annuity, should be distributed intestate. The resulting February 23, 2016 order provided that the annuity proceeds were not exempt under MCL 600.6023 and that "MCL 700.2110 shall control distributions of the intestate portion of the estate." In other words, because the annuity proceeds would be levied for the estate and no longer specifically devised for respondent, the annuity proceeds would be distributed intestate and MCL 700.2110 would control that distribution.

Respondent's only challenge to the court's application of MCL 700.2110 is based on the annuity proceeds being exempt under MCL 600.6023. Respondent does not challenge the

---

[11] The EPIC does not define "intestate succession." A dictionary may be consulted for undefined statutory terms. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

validity of the debt. Instead, respondent contends that MCL 700.2110 is inapplicable because the annuity proceeds are exempt under MCL 600.6023 and cannot be used to satisfy respondent's debt. We have rejected that argument.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly